120   905
f129   174

## GEORGIA RAILWAY AND ELECTRIC CO. *v.* JOINER.

1. It is the duty of a street-railway company, in operating its cars along a public road, not to interfere with the rights of individuals using such road by other modes of travel, by making unusual and unnecessary noises, such as are likely to frighten animals along such road ; and for damages resulting from a breach of such duty the company is liable.

2. Civil Code, § 2234, providing that " all engine-drivers and conductors must cause the trains which they respectively drive and conduct to come to a full stop within fifty feet of the place of crossing," where the tracks of separate and independent railroads cross each other, does not apply to a street-railway so as to compel it to stop its cars before crossing a steam-railroad track.

Argued July 14,—Decided August 11, 1904.

Action for damages.    Before Judge Reid.    City court of Atlanta.    September 25, 1903.

*Rosser & Brandon, W. T. Colquitt*, and *B. J. Conyers*, for plaintiff in error.    *Westmoreland Brothers* and *W. C. Cousins*, contra.

FISH, P. J.    J. W. Joiner and his wife, M. E. Joiner, brought separate actions against the Georgia Railway and Electric Company, for damages alleged to have been sustained by each of them by reason of the negligent running of one of the defendant company's cars.    In each case there was a general demurrer to the petition, which was overruled; to which ruling, in each case, the defendant excepted.    As the acts of negligence charged in the two cases were substantially the same, the cases were argued together before this court.    The allegations of the petitions, in so far as they need be considered in passing on the questions presented for our determination, are, in substance, as follows:    The defendant company operated an electric line of street-railway along the East Point and College Park public road, in Fulton county.    Near Fort McPherson the track of this line of the defendant's railway crosses, nearly at right angles, a spur-track of the Central of Georgia Railway Company, running from its main line into Fort McPherson barracks.    On the occasion in question, Joiner and his wife were

riding in a buggy drawn by a mule along such public road, going in the direction of Atlanta, and, when they neared a point where the defendant company's line crossed such spur-track, and while the mule was within eight or ten feet of the crossing, a car of the defendant company, going in the same direction that they were, ran up behind them and across the spur-track, at the unusually high rate of speed of fifteen or twenty miles an hour, thereby making a terrific and unusually loud and unnecessary noise, which frightened the mule and caused it to run away and to injure Joiner and his wife in the manner set forth. It was further alleged, that if the car had gone over the crossing at a reasonable rate of speed, such unusual and unnecessary noise would not have been made, and that the agents and servants of the 'defendant company in charge of its car knew that running across the spur-track at the rate of speed they were going would make such a loud and alarming noise as would frighten the mule, which they saw was in such close proximity to the crossing. It was alleged that the servants of the defendant company were further negligent in not stopping the car within fifty feet of the place of crossing, as required by the law of this State.

1. This court has held, that while a railroad company has a right to make all the noises incident to the movement and running of its engines, and to give the usual and proper signals of danger, as the sounding of whistles and ringing of bells, and while it will not be liable for injuries occasioned by horses driven upon the highway taking fright at such noises, if it exercised the right in a lawful and reasonable manner, yet, when approaching or running alongside of public streets or thoroughfares, it is the duty of the company to so operate its cars as not unnecessarily to interfere with the rights of individuals traveling such streets or thoroughfares by other modes of travel, or to endanger such travel by unnecessary noises, frightening horses; and for damages resulting from a breach of such duty the company would be liable. *Georgia Railroad Co.* v. *Carr*, 73 *Ga.* 557. But it is only where the company's servants make unusual noises in the running of its trains, and where no necessity for the making of such noises is made to appear, that it is liable for injuries resulting in consequence thereof. *Morgan* v. *Central Railroad*, 77 *Ga.* 788. See also, in this connection, *Hill* v.

*Rome Street Railroad Co.*, 101 *Ga.* 66, and *Chalkley* v. *Central Ry. Co.*, 120 *Ga.* 683. As we have seen, the petitions in the cases under consideration charged that the noise made by the running of defendant's car over the crossing was both unusual and unnecessary, and that the servants of the defendant in charge of the car knew that such noise, on account of the proximity of the mule to the crossing, was likely to frighten the animal and cause it to run away. We are very clear that the petitions were not open to general demurrer, and that the trial judge did not err in so ruling.

2. The Civil Code, § 2234, declares: "Whenever the tracks of separate and independent railroads cross each other in this State, all engine-drivers and conductors must cause the trains which they respectively drive and conduct to come to a full stop within fifty feet of the place of crossing, and then to move forward slowly. The train of the road first constructed and put in operation shall have the privilege of crossing first." As was said in *Savannah Railway* v. *Williams*, 117 *Ga.* 414, "the constitution, statutes, and decisions of this State recognize that the word 'railroad' is generic, and includes street-railroads, narrow-gauge roads, horse-car companies, dummy-lines and street-railroads operated by electricity. Whether a particular statute applies to any one of these various forms of railroads is to be determined from the language of the statute, from the context, or from the intent of the lawmakers." Applying this rule of construction to the statute under consideration, it is obvious, we think, that the statute does not apply to street-railroads. In *Savannah Railway* v. *Beasley*, 94 *Ga.* 142, it was held that a street-railway company is under no duty to stop its cars before reaching the crossing of a public highway. The statute requiring railroad trains to stop before crossing public highways and the one requiring railroad trains to stop before crossing the tracks of other railroads are similar in object, and the penalty for failure to comply with the statute is, in each instance, the same. If the law as to stopping before reaching public highways does not apply to street-railways, then, by analogy, it would seem that the law does not require the cars of a street-railroad company to stop before crossing a railroad track.				*Judgment affirmed. All the Justices concur.*