CARGER, administratrix, *v.* MACON RAILWAY & LIGHT CO.

The evidence was of such character as to require the submission of the issues involved to a jury, and it was error to grant a nonsuit.

Submitted July 18,—Decided November 9, 1906.

Action for damages. Before Judge Hodges. City court of Macon. September 18, 1905.

Carger sued the street-railway company for damages on account of personal injuries alleged to have been caused by the negligence of the motorman of a street-car in' unnecessarily ringing a bell and in not stopping the car, and in thus frightening a pair of mules which the plaintiff was driving. The manner in which the injury occurred, as alleged in the petition and stated in the plaintiff's testimony, was in brief as follows: The mules were attached to a wagon loaded with wood, and had just turned into the street on which the car was approaching, when the plaintiff saw the car. The situation of the track was such that he could not safely pass the car without crossing the track to the other side of the street, and at the time he saw the car it was too late to do this. His mules began to show signs of fright, and he stopped them and "waved the motorman down," and told him to stop the car, so that the wagon could pass. The motorman observed the fright of the mules, but, instead of stopping the car, he rang his foot-bell, and continued the ringing while he approached. the team. This increased the fright of the animals and caused them to back the wagon into a shallow ditch on the side of the street, overturning the wagon and the wood on the plaintiff and causing the injuries complained of. One of the mules was blind and "scary," and had at other times been frightened by street-cars. The backing was begun by the other mule. He started to "cut up," and that started the blind mule. The plaintiff "could not coach the mules and keep them from getting scared when the motorman rang the bell." If the car had stopped when he held up his hand to the motorman, he "could have coached them on by talking to them." The car was about twenty-five steps from him when he gave the signal to stop. The motorman then had the car under control, and could have stopped it, but he ran the car about fifty steps past the wagon before stopping. At the conclusion of the plaintiff's testimony, the defendant's counsel moved that a nonsuit be granted, "on the ground that

the plaintiff had shown no cause of action, and on the ground that the only proximate cause of the injury disclosed by the testimony was the vice of the animal." The motion was granted, and the plaintiff excepted. He died, and his administrator was made plaintiff.

*R. Douglas Feagin,* for plaintiff, cited: 168 Mo. 535 (58 L. R. A. 447-51); *Ga. R.* 120/314-18, 905 (1); 108/808; 105/102-3; 102/546; 90/232; 84/775; 80/115; 122/310.

*Roland Ellis,* for defendant, cited: *Ga. R.* 103/847; 77/793; 120/908; 114/386, 389; 101/69; 77/788: 119/835; 108/796; 107/32; 96/481.

ATKINSON, J. When the motorman saw that the mules being driven by the plaintiff's intestate in the street, where he had a right to be, were being frightened by the car, was it not his duty to stop, in order to give the intestate some opportunity of avoiding a catastrophe? Under those conditions was it not negligence to continue his approach, sounding the gong? These were questions for the jury. See, in this connection, Oates *v.* Metropolitan Street Railway Company, 168 Mo. 535. The evidence was not such as would have authorized the court to hold that the viciousness of the animals was the proximate cause of the injury. That question was one also for the jury. It was erroneous to grant a nonsuit.

*Judgment reversed. All the Justices concur.*