## BRUNSWICK & BIRMINGHAM RAILROAD CO. *v.* HOODENPYLE.

FISH, C. J. 1. A railway company is not legally responsible for producing noises which are unusual, or greater than is customary in the running of its locomotives and cars, unless such noises are unnecessary. *Morgan* v. *Central Railroad,* 73 *Ga.* 788; *Georgia Railway & Electric Co.* v. *Joiner,* 120 *Ga.* 905, and cit., 48 S. E. 336. Where, however, a petition alleged, in substance, that those in charge of a locomotive being operated on the road of the defendant company caused great and unusual volumes of steam to be suddenly emitted from the locomotive, which made a loud and unusual noise, and enveloped plaintiff's horse, being driven near by on a public street of a city, thereby greatly frightening the animal; that by reason of the attempt of the horse in its fright to run away, and the endeavor of plaintiff's driver to prevent it, a portion of the wagon was backed upon defendant's track; that notwithstanding those in charge of the locomotive saw the wagon

on the track, the frightened condition of the horse, the inability of the driver to control the animal, and the great peril of plaintiff, who, on account of a sudden jerk of the wagon by the horse in its fright, had fallen down in the wagon and was unable to extricate himself from the contents of the vehicle and alight therefrom, and though the locomotive was being run so slowly that it could easily have been stopped before reaching the wagon, such employees made no effort to stop the locomotive, but ran the same against plaintiff's wagon before the horse could be made to pull it from the track, thereby violently throwing plaintiff to the ground and greatly injuring him in the particulars described; and that the defendant company was not only negligent because of the emitting of the steam in the manner and under the circumstances set forth, but was also negligent because of the failure to stop the locomotive before it struck the wagon: *Held*, that the petition was not open to general demurrer on the ground that it did not allege that the noise made by the escaping steam was unnecessary.

2. Even if in any event the asking of leading questions and the admission of the answers thereto is cause for a new trial, the mere propounding of such questions is not, when it does not appear what, if any, were the answers thereto. *City of Rome* v. *Stewart*, 116 *Ga.* 738, and cit., 42 S. E. 1011. See also *Phinazee* v. *Bunn*, 123 *Ga.* 230, 51 S. E. 300.

3. When the plaintiff, upon being asked why he left a place where he was being treated by specialists, answered, "Because they could do nothing for me," the answer was not objectionable as being hearsay.

4. An assignment of error upon the admission of specified evidence as a whole was not well taken when some of such evidence was admissible. *Collins Park R. Co.* v. *Ware*, 112 *Ga.* 663 (3), 37 S. E. 975.

5. "The opinion of a witness is not admissible in evidence when all the facts and circumstances are capable of being clearly detailed and described so that the jurors may be able readily to form correct conclusions therefrom." *Mayor of Milledgeville* v. *Wood*, 114 *Ga.* 370, 40 S. E. 239; *O'Neill Mfg. Co.* v. *Harris*, 127 *Ga.* 640, and cases cited, 56 S. E. 739.

6. Where the opinion of a witness, under the rule just stated, was inadmissible, the ruling of the court in rejecting it will be sustained, though based on another and insufficient, or even wrong, reason.

7. It was not cause for a new trial that the court declined to permit the defendant's counsel, on cross-examination of the plaintiff, to propound to him the following question: "Did you not notice this locomotive pop off down there half an hour before that?" Even if the question had been allowed and had been answered in the affirmative, the answer would not have shown that the locomotive was then emitting steam in the same manner and in such volumes as it was when plaintiff's horse was frightened.

8. The court did not err in stating the contentions of the plaintiff. This is especially clear in view of the amendment to the petition, the effect of which was to make it allege that the defendant company owned and, at the time of the occurrence complained of, was operating on its track the engine and car which struck the plaintiff.

9. The instructions of the court to the jury as to the contentions of the defendant were not such as to lead "the jury to infer that defendant

admitted causing the accident and the consequent injury to plaintiff." Nor were these instructions such as to place "upon defendant a burden not imposed by the declaration nor the law," that is, of showing that the noise made by the escaping steam was necessary.

10. The court charged: "So that when an injury is shown to have been sustained by a person by the running of the cars or the locomotives of a railroad company, the presumption of law is that they were negligent, and that presumption remains until the railroad company introduces evidence and shows, or shows by evidence introduced, that it was not negligent." This charge was not fairly subject to the exception that it "probably led the jury to believe that it was necessary to rebut this presumption by the evidence introduced by the defendant, and that they were not allowed to consider evidence introduced by plaintiff to determine whether this presumption had been overcome." The words "or shows by evidence introduced," used by the court, clearly indicated that the evidence introduced by plaintiff should be considered by the jury on the point in question.

11. In view of the evidence for the plaintiff as to the extent of his injuries and the pain suffered by him in consequence thereof, this court can not say that the verdict was so excessive as to require a new trial.

12. The verdict was not without evidence to support it, and the court did not err in refusing to grant a new trial.

*Judgment affirmed. All the Justices concur.*

Submitted May 28,—Decided August. 8, 1907.

Action for damages. Before Judge Parker. Glynn superior court. August 14, 1906.

*W. A. Wimbish, Twitty & Reese,* and *J. D. Sparks,* for plaintiff in error.

*Frank H. Harris, Ernest Dart,* and *Courtland Symmes,* contra.