### DALE *v.* CHRISTIAN.

BECK, J.   1. The court erred in permitting the plaintiff to testify that he signed a note at the Bank of Quitman for the amount for which the attachment was issued, as security for the defendant; this evidence having been admitted over timely objection upon the ground that the note was the best evidence to show the amount for which it was given, and who signed it.   However, if upon the production of the note it does not appear on the face of it whether the plaintiff signed as surety or not, it would be competent to establish that fact by his testimony.

2. The ruling of the court admitting other evidence of the same character as above, over substantially the same objection, is open to the same criticism.

3. The fact that other creditors of the defendant had sued out attachments against him was irrelevant to the issue in this case, and should have been excluded.

4. The affidavit upon which the attachment was issued in this case and the attachment issued thereon had no evidentiary value relatively to the issues involved.   They would be before the jury as pleadings, but should not have been introduced as evidence.

5. Where an attorney at law had testified in favor of the defendant, it was not irrelevant to show by the same witness that he represented other creditors of the defendant who would gain an advantage in case the traverse was sustained.   Objection to the testimony on the ground that it was incompetent is too general, where it does not state for what reasons it was incompetent.

6. No opinion is expressed as to the sufficiency of the evidence, as the case is remanded for a new trial.

*Judgment reversed.   All the Justices concur.*

NOVEMBER 12, 1913.

Attachment.   Before Judge Thomas.   Brooks superior court. November 8, 1912.

Christian sued out an attachment against Dale upon the grounds that he was absconding and that he was actually removing without the limits of Brooks county.   The defendant traversed the grounds

of the attachment; and upon the trial of the issue thus made the jury found for the plaintiff. A motion for a new trial was overruled, and the defendant excepted.

*Baum & Johnson,* for plaintiff in error.
*Branch & Snow,* contra.