## DALE v. BEASLEY.

1. A motion for continuance on the ground of counsel's illness, like all other motions of the same nature, is addressed to the sound discretion of the court. When counsel whose illness is the ground of the motion is in court, and personally makes the motion, the court may take into consideration his physical appearance and the mental and physical vigor displayed in making the motion, in determining whether the ends of justice require a continuance of the case. Where such a motion is overruled, and the case is conducted to a conclusion by the same counsel, and the court certifies that the case was managed by counsel with his usual

ability, the reviewing court can not say that the trial court abused his discretion in refusing to continue the case on this account.

2. In an issue joined upon a traverse to an attachment on the ground that the debtor absconds, it is competent to inquire into such of the defendant's acts and transactions, at the time the attachment issued, as would serve to illustrate his purpose in leaving the place of his residence; whether with intent to return or conceal himself from his creditors. Testimony that he had procured two of his neighbors to indorse his notes for his accommodation, and left his place of residence about the time they fell due at a bank, without their knowledge, is relevant to the issue formed on the traverse.

3. That the other creditors of the alleged absconding debtor may have sued out attachments against him was irrelevant; but the reception of this evidence under the facts of the case will not require a new trial.

4. Where the attorney for a debtor testifies in favor of his client concerning the circumstances under which the debtor left his place of residence, it is relevant on cross-examination to show by him that he represents other creditors of the defendants who would gain an advantage in case the traverse was sustained.

5. On the issue of whether a debtor was absconding at the time of the issue of an attachment against him, it is relevant to show the publicity or secrecy of his living at a different place a short time after leaving his former residence.

6. The verdict is warranted by the evidence.

APRIL 23, 1914.

Attachment. Before Judge Thomas. Brooks superior court. May 9, 1913.

*M. Baum* and *W. A. Hassell,* for plaintiff in error.

*Branch & Snow,* contra.

EVANS, P. J. Adam Beasley sued out an attachment against W. D. Dale on the ground that he was about to remove without the limits of the county. Subsequently he amended his ground of attachment by alleging that at the time of suing out the attachment the defendant was absconding. The defendant traversed the grounds of the attachment, and the issue formed on the traverse was found against him. He made a motion for new trial, which was refused.

1. Upon the call of the case counsel for the defendant moved for a continuance on the ground of his illness, stating in his place that he was too ill to go into the trial of the case, and could not under the circumstances do his client justice. In certifying to this ground of the motion the court stated that he had continued the case at the previous term on account of counsel's sickness, and, after seeing and talking with counsel, the court thought that this case, together

with others of a similar nature, should not be further continued; that counsel handled the case with ability; and that there was in his opinion no reason to continue the case. All continuances are addressed to the sound discretion of the court. If the ground of continuance be based on the illness of counsel who personally makes the motion, necessarily a large discretion must be reposed in the trial judge before whom the motion for continuance is made. As was said in *Rawlins* v. *State,* 124 *Ga.* 31, 54 (52 S. E. 1) : "If counsel who makes the motion is himself present in court, making and urging the motion in his own proper person, the judge may determine the question by the condition of counsel as it appears to him." In the instant case the judge certifies that counsel conducted the trial with his usual ability. We find no abuse of discretion in overruling the motion for continuance.

2. The defendant, who resided in Quitman, procured two of his neighbors to separately indorse his notes, each of which was payable at a bank. About the time these notes matured, or a very short time thereafter, his wife went away, and within about a week he followed. He testified that he left his home for the purpose of going to a town in the northern part of the State, that he might procure money with which to pay his debts, intending to return to his home. On the other hand, the attaching creditor contended that he left with no intention of returning, and that his leaving was without his knowledge. In this connection the attaching creditor and another witness were allowed to testify, over objection, that they were accommodation indorsers on the defendant's notes, which fell due and were payable at a bank about the time of his leaving his home. This testimony was objected to on the ground of irrelevancy, and not because it was secondary evidence, as was the objection made in the case of *Dale* v. *Christian,* 140 *Ga.* 790 (79 S. E. 1127). This testimony was of some relevancy to establish the purpose and intention of the defendant's disappearance. In determining whether or not a debtor absconds, all of his acts, transactions, and circumstances are relevant to the question whether he was absconding at the time the attachment was sued out. It was for the jury to say whether, if the real purpose of the defendant's leaving was to procure money, he likely would have informed his neighbors who were indorsers upon his paper which had just fallen due, and which he knew they would be called upon to pay upon his default.

3. The court allowed certain witnesses to testify that they had also sworn out attachments about the time the attaching creditor in this case caused his to issue. The court certifies that this testimony was allowed for the sole purpose of fixing the date. This limitation upon the evidence was stated to the jury at the time it was received. The fact that other creditors of the defendant had sued out attachments against him was irrelevant, and should have been excluded. *Dale* v. *Christian,* supra. But in view of the facts and circumstances of the case, we do not think the reception of this evidence should require the grant of a new trial.

4. The attorney for the debtor had testified in favor of his client concerning the circumstances under which he left Quitman, where he resided. It was relevant on cross-examination to show by him that he represented other creditors of the defendant, who would gain an advantage in case the traverse was sustained. *Dale* v. *Christian,* supra.

5. A witness was allowed to testify that after the attachment was sworn out against the alleged absconding debtor he did not see him for sometime in Quitman, but that a short time thereafter, when he was visiting in another city, located in a different part of the State from that to which he claimed that he was going, he saw him in front of a shop, clothed in overalls, and that the debtor said he was working there. It was proper to show whether the defendant had left his home in Quitman in a clandestine manner; and the publicity or secrecy of his living in a different town is relevant evidence on that subject. *Oliver* v. *Wilson, 29 Ga.* 642.

6. The evidence is sufficient to support the verdict, and no sufficient reason is made to appear for the grant of a new trial.

*Judgment affirmed. All the Justices concur, except Atkinson, J., absent.*