·30966.   ATLANTA, BIRMINGHAM & COAST RAILROAD
COMPANY *v.* HUTCHESON.

DECIDED OCTOBER 12, 1945.

44

46

*Brandon, Matthews, Long & Nall, R. A. Moore,* for plaintiff in error.

*D. C. Sapp, M. D. Dickerson, Marshall Ewing,* contra.

GARDNER, J. It is our opinion that the special grounds are without merit. If the allegations of the petition are sufficient to withstand a general demurrer, the judgment should be affirmed. We will cite authority as to the general grounds of the demurrer, but deem it unnecessary and of no benefit to cite any as to the special grounds.

From our viewpoint it is clear that the petition sets out a cause of action. This court held in *Southern Railway Co.* v. *Flynt,* 2 *Ga. App.* 162 (5, 6) (58 S. E. 374) : "The duty to give warning signals, and to keep a lookout, is limited to persons on the track or that apparently may get on the track. No such duty is required as to travelers on adjacent and parallel highways. . . Where those in charge of the running train see apparent danger to persons on the highway, it then becomes their duty to use reasonable and practicable care to prevent injury." In *Dabbs* v. *Rome Railway & Light Co.,* 8 *Ga. App.* 350 (69 S. E. 38), it was said: "Where a motorman in charge of an electric car sees apparent or probable danger of an accident to a person on the highway adjacent to the track, or by the exercise of reasonable care could see that danger is imminent, caused by the approach of the car, it is his duty to use reasonable care to avoid the accident. What would be reasonable care would be a question for the jury, under the facts of the particular case. . . A motorman in charge

of an electric car who observes, or in the exercise of reasonable care could observe, a vehicle containing several occupants near the track, and that the animals pulling the vehicle are frightened at the approach of the car, and are acting in such manner as to lead a person with ordinary prudence to apprehend danger of a collision between the car and the vehicle, is bound to bring the car under such control that it can be stopped, if necessary, to prevent a collision or injury to the occupants of the vehicle. . . If the approach of the car and the consequent fright of the horse attached to a vehicle in close proximity to the track cause one in the vehicle to jump therefrom in order to escape apparent or imminent danger, it would be for the jury to determine whether the emergency did in fact exist, or was reasonably thought by the person so jumping to exist, and whether the act of jumping, under all the circumstances, was contributory negligence."

In *Georgia Railway & Electric Co.* v. *Joiner,* 120 *Ga.* 905 (48 S. E. 336), the Supreme Court said: "It is the duty of a street-railway company, in operating its cars along a public road, not to interfere with the rights of individuals using such road by other modes of travel, by making unusual and unnecessary noises, such as are likely to frighten animals along such road; and for damages resulting from a breach of such duty the company is liable."

In *Carger* v. *Macon Railway & Light Co.,* 126 *Ga.* 626 (55 S. E. 914), the Supreme Court said: "When the motorman saw that the mules being driven by the plaintiff's intestate in the street, where he had a right to be, were being frightened by the car, was it not his duty to stop, in order to give the intestate some opportunity of avoiding a catastrophe? Under those conditions was it not negligence to continue his approach, sounding the gong? These were questions for the jury. . . The evidence was not such as would have authorized the court to hold that the viciousness of the animals was the proximate cause of the injury. That question was one also for the jury. It was erroneous to grant a nonsuit."

In *Southern Railway Co.* v. *Hutcheson,* 136 *Ga.* 591 (2-4) (71 S. E. 802), that court said: "Where the question under consideration is one of opinion, a non-expert witness may state the facts and circumstances and his opinion predicated thereon. . . In a suit against a railroad company for a personal injury caused

by a horse, alleged to have been frightened by unusual and unnecessary noises made by the defendant's locomotive, it is competent to show that the horse was roadworthy and was not subject to fright by the ordinary and usual noises incident to the operation of locomotives and cars. . . The charges on the subject of a railroad company's liability for an injury to a traveler on a public thoroughfare alongside the railroad, alleged to have been caused by the traveler's horse becoming frightened by the unusual and unnecessary noises made by the locomotive of the company in approaching the station, were in substantial accord with the rule of liability as defined in *Georgia Railroad* v. *Carr,* 73 *Ga.* 557."

In *Shiver* v. *Tift,* 143 *Ga.* 791 (85 S. E. 1031, L. R. A. 1918A, 622), the Supreme Court said: "A railroad company engaged as a common carrier of freight and goods for hire under the laws of this State, whether incorporated or unincorporated, has the right, in the operation of trains, to make all the noises usual and necessary to the movement and working of locomotives, and will not be liable for injuries occasioned by horses driven on the highway taking fright at such noises, if it exercise the right in a lawful and reasonable manner. In crossing a much frequented street in a city, it is the duty of the company to so operate its locomotive as not unnecessarily to interefere with the rights of individuals traveling on the street by other means of travel, or to endanger such travel by unnecessary noises, frightening horses. For a breach of this duty, resulting in injury, an action will lie. The petition as amended stated a cause of action, and the amendment did not add a new cause of action. . . Testimony of a witness that a horse was nervous and high-strung is allowable, as being within the rule which admits opinions from necessity." See also *Brunswick & Birmingham R. Co.* v. *Hoodenpyle,* 129 *Ga.* 174 (58 S. E. 705); *Georgia Railroad* v. *Carr,* 73 *Ga.* 557.

We think it may be said, under the allegations of the petition, that the defendant owed the plaintiff no statutory duty to refrain from discharging the steam or blowing the whistle under the situation as depicted in the petition. Nevertheless, the defendant did owe the plaintiff the duty, under the general rule of negligence, to operate its locomotives in the usual and ordinary manner with no more noises than were necessary and incident to the operation of its locomotives. The defendant did owe the plaintiff the duty

not to invade her rights on the highway by a frightening and unnecessary discharge of steam from its locomotives and a loud and unnecessary blowing of the steam whistle several times in rapid succession. These allegations were sufficient to allege a cause of action, and the court did not err in overruling the demurrers, both general and special.

*Judgment affirmed. Broyles, C. J., concurs.*

MacIntyre, J., concurring specially. Where those in charge of running an engine on the tracks of a railroad company, which are not laid upon the public streets or highways, *see* apparent. danger to persons on an adjacent and parallel highway, it *then* becomes their duty to use reasonable and practical care to prevent. injury. *Southern Railway Co.* v. *Flynt, 2 Ga. App.* 162 (supra). Applying this rule of law to the allegations of the petition, I do. not think that the judge erred in overruling the general demurrer.