## 36499. SLATE *v.* ATLANTA POLICE RELIEF ASSOCIATION, INC.

QUILLIAN, J. 1. This is an action on a certificate issued to the plaintiff, G. W. Slate, by the defendant, Atlanta Police Relief Association, Inc., in which was contained the following clause: "Upon the death of the wife of a member of this association who is in good standing, he shall be paid the sum of $500, provided that he and his wife were not living in a bona fide state of separation at the time of her death." Obviously, it was essential to the plaintiff's right of recovery that he prove by a preponderance of the evidence that he was living with the woman he alleged to be his wife in a bona fide state of matrimony at the time of her death, and not merely to establish that they were not separated.

The plaintiff admitted that a divorce had been granted between him and his wife by a court of competent jurisdiction. The burden was then on him to prove that subsequent to the grant of the divorce he and his former wife had either entered into another ceremonial marriage or contracted a valid common-law marriage. There was no attempt on the plaintiff's part to prove a ceremonial marriage. He did, however, undertake to establish the fact that, after the divorce was granted, he and his former wife entered into a common-law marriage. He submitted no evidence of an express agreement between them to resume the marital status, but relied upon proof of certain circumstances to establish the fact of the common-law marriage. The circumstances were that several days after the divorce had been granted his wife tore up the divorce papers and stated the divorce papers meant nothing to her, to which the plaintiff said he replied they meant nothing to him; that after sleeping in another room for several days his wife returned to his room and slept in a separate bed; that they co-

habited; that they referred to each other as husband and wife in the presence of other people; that they received visitors in the home where they had resided since their previously dissolved ceremonial marriage; that they visited friends together, and that instead of paying alimony in conformity with the divorce decree he paid his wife's living expenses, including the expenses of her last illness and defrayed her funeral expenses.

On cross-examination the plaintiff testified that at the time of the cohabitation referred to he and his former wife were in an unmarried state, that he did not hold her out as his wife and that he thought it was a matter of common knowledge that he was a divorced man. On redirect examination he qualified this testimony by explaining that while he thought it was a matter of common knowledge that he was an unmarried man he later learned that his brother did not know it. In this his brother corroborated him and stated that he did not learn of the divorce, though he was a frequent visitor in the plaintiff's home. The plaintiff also stated on redirect examination that he did hold his alleged wife out as his wife. He further related that his wife tore up the divorce papers and said they meant nothing to her. This was also corroborated by another witness. A brother police officer testifying on behalf of the defendant, testified that, after his wife's death, the plaintiff stated to him that he had been divorced and separated from his wife and she was living in a separate room; that he made a separate room from the day of the divorce for her to stay in but was separated from her.

2. Applicable to the plaintiff's testimony was the rule: Where the plaintiff sworn as a witness proves the case as laid in the petition by his testimony on direct examination and disproves his right of recovery on cross-examination the defendant is entitled to have a verdict in his favor. *Evans* v. *Josephine Mills,* 119 *Ga.* 448 (2) (46 S. E. 674); *Woods* v. *Mercantile Bank &c. Co.,* 32 *Ga. App.* 106 (122 S. E. 819); *Farmers & Merchants Bank* v. *Stovall Investment Co.,* 50 *Ga. App.* 277, 281 (177 S. E. 882).

3. Even if the plaintiff could be legally permitted to recover upon the evidence adduced by him in proof of his case, the further rule was applicable that where it is the province of the trial judge to determine whether the evidence submitted on the trial of the

case by the plaintiff or that of the defendant was of the greater weight, and where there was a material conflict in the evidence, this court cannot disturb the judgment on the ground that the trial judge abused his discretion in denying the plaintiff's motion for new trial. *Pickett* v. *State,* 55 *Ga. App.* 682 (191 S. E. 136); *Willoughby* v. *Bank of Monroe,* 48 *Ga. App.* 6 (171 S. E. 772); *Hudgins Contracting Co.* v. *Smith,* 54 *Ga. App.* 687 (188 S. E. 732). Accordingly, it was not error for the trial judge, presiding without a jury, to find in favor of the defendant society.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*
DECIDED FEBRUARY 27, 1957—REHEARING DENIED MARCH 15, 1957.

*W. Owen Slate, Chas. W. Bergman,* for plaintiff in error.
*Harris & Gower,* contra.