*Woodruff, Latimer, Savell, Lane & Williams, Edward L. Savell*, contra.

39474. HARRISON *et al.* v. REGENTS OF THE UNIVERSITY SYSTEM.

RUSSELL, Judge. 1.(*a*) Where complaint is made of the exclusion of evidence offered by the movant's witness, an assignment of error which fails to show what evidence was ex-

pected to be elicited or how it would have helped the movant is too incomplete for consideration. *Mickle v. Moore,* 188 Ga. 444 (5) (4 SE2d 217); *Butler v. Ross,* 188 Ga. 329 (6) (4 SE2d 21). Special grounds 4 and 5 of the amended motion for a new trial, which contend only that sustaining the objection of the condemnor to certain evidence offered by the condemnee "prevented counsel from showing what he intended to prove by this line of questioning" fail to meet these requirements.

(b) The fact that the objection urged by opposing counsel to the court may not have been technically complete within itself is immaterial. It is the erroneous ruling, and not the reason for the ruling, which is the subject of review by this court. *Brunswick & B. Ry. Co. v. Hoodenpyle,* 129 Ga. 174 (6) (58 SE 705); *Edmonds v. State,* 201 Ga. 108, 131 (39 SE2d 24). Cases cited by the plaintiff in error such as *Dale v. Christian,* 140 Ga. 790 (5) (79 SE 1127), have no application here, since they hold only that, where it is contended that evidence was erroneously *admitted* over objection, it is incumbent on the movant to show that he did in fact make a proper objection in the trial court.

2. The trial court in this condemnation case charged fully on the measure of damages. Complaint is made in special ground 6 of a portion of the charge on this subject, which stated in substance that private property cannot be taken without just and adequate compensation, that such compensation means the value to the owner, that the damages are compensatory for the loss sustained, taking into consideration all purposes for which the property is available, but that damages cannot be awarded for mere inconvenience or speculative loss of income and "loss claimed for anticipated revenue cannot in this case be compensated."

(a) The instructions contained a correct rule of law, and were not subject to the objection that they were argumentative or confusing in that no speculative damages were sought.

(b) Loss of future revenue as such is not a proper measure of damages, but the value of property to the owner for the particular purpose for which he designs to use it can always be shown. *Housing Authority of City of Augusta v. Holloway,* 63 Ga. App. 485, 487 (11 SE2d 418), and citations. The property here involved was a large residence immediately

adjacent to the University of Georgia campus in Athens, which was sought to be condemned by the Regents of the University System for housing facilities for students. The owner was using a part of the house as a residence and renting out part to students as housing accommodations. Since the circumstances made this particular location rental property with a built-in clientele the owner had a right to show these facts, not for the purpose of being compensated for lost future revenue, but for the purpose of showing the use and location as affecting the value of the property. The charge as given was not incorrect, and had further instructions been desired relative to the consideration which the jury should give to the rental use, they should have been requested. Further, the instruction as given was certainly appropriate to certain evidence elicited by the condemnee on cross-examination of one of the condemnor's witnesses, to the effect that the condemnor had purchased other property in the neighborhood which had a business use and had "included $20,000 to compensate him for business losses he might have over the next five years." That this evidence would have been inadmissible on proper objection, see *Georgia Power Co. v. Brooks,* 207 Ga. 406 (3) (62 SE2d 183). Since the fact was before the jury that the condemnor had in fact compromised another case between itself and a third party by allowing a sum specifically to compensate for a future business loss, and since this is not a correct measure of damages, and since there was evidence of a business use in the present case, it was quite proper to instruct the jury that there could be no award for loss of future profits as such. This ground is without merit.

3. A number of expert witnesses testified as to the value of the property condemned, their estimates ranging from well under to considerably over the amount found. The verdict being well within the range of the testimony, the general grounds of the motion for a new trial are without merit. *Housing Authority of City of Quitman v. McDonald,* 87 Ga. App. 392 (1) (74 SE2d 113).

Also we note that the verdict in this case for $25,500 was within $25 of the verdict rendered in the first trial of the same case (see *Harrison v. Regents of the University System,* 99 Ga. App. 762, 109 SE2d 854) and, while the general grounds of

the motion for a new trial were not then passed upon, Felton, C. P., and Nichols, J., pointed out in the dissenting opinion that the verdict in that case, also, was well within the range of the evidence.

The trial court did not err in denying the motion for a new trial. *Judgment affirmed. Carlisle, P. J., and Eberhardt, J., concur.*

DECIDED APRIL 25, 1962.

*L. D. Skaggs*, for plaintiffs in error.

*Stephens, Fortson, Bentley & Griffin, Edwin Fortson*, contra.