## 39861. DERRICK v. RABUN COUNTY.

DECIDED JANUARY 18, 1963.

*Ellard & Frankum, Stephen D. Frankum,* for plaintiff in error. *Joseph T. Davis, John G. Davis,* contra.

CARLISLE, Presiding Judge. 1. This is a condemnation case in which the sole issues were the value of the land taken and damaged and the amount of consequential damages to that remaining. It appears that the property involved was a tract of seven acres owned by the condemnee within the city limits of Clayton, Georgia, through which the State Highway Department proposed to open a road or highway taking therefrom some 2.805 acres of land. One of the elements of the case revolved around a triangular shaped strip of land of the condemnee some 310 feet in length and eight or ten feet at its widest, tapering to a point which would be left between the condemned right of way and property adjoining the condemnee. On the general grounds, it is contended that there was no evidence to authorize the verdict because the only witness for the condemnor who testified as to the value of the property taken fixed it at $600 an acre and fixed the consequential damage to the strip, which it is contended is only 1/2000th of an acre, at $400. The rationale of this contention is that, since this witness also testified that this narrow strip of land was equal in value per unit of area to the other land of the condemnee, this testimony with respect thereto, directly disproved the witness' testi-

mony with respect to the valuation of $600 per acre placed by him on the rest of the property. In support of this proposition plaintiff cites *Slate v. Atlanta Police Relief Assn.*, 95 Ga. App. 316 (2) (97 SE2d 786). That case, however, is distinguishable from this case because there the matter about which the witness testified and about which he later on cross-examination contradicted himself was a matter of fact and not of opinion. Here the question was the value of the land taken and condemned and the amount of consequential damages to be assessed against the condemnor for the remaining land, and these matters are from the necessity of the case matters of opinion. Furthermore, examination of the witness' testimony here shows that he was referring to the consequential damages to the entire tract of the condemnee's land left after the taking of the portion actually condemned and not just to the small triangular strip measuring 10 x 310 feet.

With respect to this strip, it may be noted that since the measurements of this strip are given and since the science of mensuration is a branch of pure mathematics, of which the court may take judicial cognizance (31 CJS 708, Evidence, § 102, fn. 44, 45 and 46), this court judicially knows that the quantity of land involved therein is more nearly .028 acres than .002 acres, as contended, and thus the disparity between the values of the various parts of the condemned land as testified about by the witness is not so great as contended. The jury apparently reconciled this disparity since the verdict for the condemnee was considerably larger than would have been authorized by the testimony of this witness alone. The verdict of the jury for the condemnee for $3,500 was within the range of the evidence since the lowest value placed on the land actually taken, together with the consequential damages, was $2,083, and the highest value placed on the land by the condemnee in his testimony was $25,000. *Housing Authority &c. of Quitman v. McDonald*, 87 Ga. App. 392 (74 SE2d 113); *State Highway Dept. v. Porter*, 96 Ga. App. 142, 144 (2) (99 SE2d 519); *Georgia Power Co. v. Walker*, 101 Ga. App. 454, 458 (114 SE2d 159, 80 ALR2d 1264); *Harrison v. Regents of the University System*, 105 Ga. App. 817, 819 (3) (125 SE2d 793).

The only special ground of the motion for new trial argued and insisted upon in this court relates to the failure of the trial court to give the jury *as a part of the charge* cautionary instructions to the effect that they had been allowed to view the premises in dispute, and that the purpose of this view was to enable them to better understand the evidence which had been presented to them. While no statement in this regard is set forth in the record, counsel for the plaintiff in error in his brief states that cautionary instructions were given by the judge to the jury prior to their being allowed to view the premises. This statement contained in the brief of the plaintiff in error is admitted by the defendant in error, and, if this be so (see Rule 18 of the Rules of the Court of Appeals), it does not appear that there was any harmful error in the failure of the court to repeat such cautionary instructions in giving the jury his charge. Nothing in the ruling of this court in the case of *Shahan v. American Tel. &c. Co.*, 72 Ga. App. 749 (35 SE2d 5) can be construed as requiring that such instructions be given as a part of the charge itself. In fact, a careful reading of that case reveals that the instructions there given were given to the jury prior to the view of the premises.

*Judgment affirmed. Bell and Hall, JJ., concur.*