42513. GAINES et al. v. CITY OF GAINESVILLE.

ARGUED JANUARY 10, 1967—DECIDED FEBRUARY 15, 1967.

Hammond Johnson, Jr., for appellants.

Kenyon & Gunter, Julius M. Hulsey, for appellee.

QUILLIAN, Judge. ■ The first enumeration of error complains of the admission in evidence of "a certified copy of the tax return for the year 1964 as signed by Lila S. Gaines, one of the condemnees." The objection to the exhibit when offered was: "I object to the introduction of the tax returns as having no probative value in this case, and being inadmissible." This objection having failed to show wherein such evidence was as characterized is insufficient and can not be considered. *Deen v. Baxley State Bank*, 62 Ga. App. 536, 537 (2) (8 SE2d 689).

■ The appellants' Enumeration of error number 2 insists: "The court erred in admitting over objection of appellant, testimony by witness of appellee as to the value of an entire tract of land made up of several parcels purchased at different times and for different considerations." Appellants made two objections to the admission of the testimony: "I want to object to the total of ·this tract, total sales price, and I would like for him to break it down into individual lots and individual transactions rather than the total sale. . . I will object to that for the record on the grounds that it—his testimony is to an entire tract across the street or in a close lot—would be inadmissible." These objections were insufficient for the reason stated in Division 1 of this opinion.

Furthermore, the admission, even if error, was harmless because on cross examination the witness testified as to the sale price and other details of each parcel which comprised the whole tract. *American Family Life Ins. Co. v. Glenn*, 109 Ga. App. 122 (2) (135 SE2d 442).

■ The court instructed the jury that they should determine the fair market value of the property taken and return a verdict in that amount. At the conclusion of the charge the appellants objected, stating that just and adequate compensation and not fair market value was the proper measure of damages. Just and adequate compensation is the proper measure of damages in a

condemnation case, and where the property is shown to have some peculiar value to the condemnee, fair market value may not be the proper method to be used in arriving at a verdict. *Bowers v. Fulton County,* 221 Ga. 731 (146 SE2d 884). In the case sub judice, the evidence was that the best use of the property would be either commercial or "semi-retail" type. There being no circumstances shown that would make any distinction between just and adequate compensation to the condemnees and the fair market value of the property, the charge was not error. *Georgia Power Co. v. Pittman,* 92 Ga. App. 673, 675 (89 SE2d 577).

The appellants also contend that the court improperly defined fair market value. While the appellants made a rather lengthy objection before the jury returned its verdict, the record shows the only ground raised therein was as to the proper measure of damages. The objection to the charge in regard to the definition of market value not having been made before the jury returned its verdict as required by *Code Ann.* § 70-207 (a) (Section 17 (a) Appellate Practice Act of 1965; Ga. L. 1965, pp. 18, 31, as amended, Ga. L. 1966, pp. 493, 498) it will not be considered. *Nathan v. Duncan,* 113 Ga. App. 630, 638 (149 SE2d 383).

■ The appellants assign as error a portion of the charge to which no objection was made before the jury returned its verdict. Under the holding in Division 3 of this opinion the enumeration of error will not be considered.

*Judgment affirmed. Frankum, P. J., and Deen, J., concur.*