## 44986. BRYANT v. HOUSING AUTHORITY OF THE CITY OF ATLANTA.

EBERHARDT, Judge. In this condemnation case the condemnee excepts to the verdict of the jury on the ground that it is without evidence to support it, and to the charge of the court because it failed to inform the jury that the verdict should award to the condemnee the "fair market value" of his property, and to the failure of the court to give a charge requested by appellee. *Held:*

1. The verdict returned is within the range of the testimony, though in the lower range, there being evidence of value both above and below the amount of the verdict. Thus, there was evidence to authorize the verdict and it is supported. *Derrick v. Rabun County,* 107 Ga. App. 229 (129 SE2d 583).

2. Not only did condemnee, through his counsel, fail to make exception to the charge of the court before verdict as is required by *Code Ann.* § 70-207 (a), but at the conclusion of the charge when the judge inquired as to whether there were any exceptions which counsel wished to make, condemnee's counsel replied "I am satisfied, Your Honor."

Failure to except before verdict generally results in a waiver of any defects in the charge (*Stubbs v. Daughtry,* 115 Ga. App. 22 (5) (153 SE2d 633); *State Hwy. Dept. v. Edmunds,* 115 Ga. App. 154 (154 SE2d 35)), the exception under *Code Ann.* § 70-207 (c) applying only when there has been a substantial error which was blatantly apparent and prejudicial, and which resulted in a gross miscarriage of justice. *Hollywood Baptist Church v. State Hwy. Dept.,* 114 Ga. App. 98, 100

(150 SE2d 271); *Nathan v. Duncan,* 113 Ga. App. 630, 638 (149 SE2d 383). Since the verdict returned was within the range of the testimony as to value, there is no miscarriage of justice. Moreover, unless there is evidence indicating that because of some unique feature of the property it has a special or peculiar value other than market value, market value and just and adequate compensation are one and the same. *Gaines v. City of Gainesville,* 115 Ga. App. 220 (3) (154 SE2d 280). We find no such evidence in this record.

3. Appellant condemnee excepts to the refusal of the court to give a written and timely request to charge on the matter of market value which was tendered to the court by the *condemnor,* none having been made by the condemnee. Appellant neither joined in the request nor excepted to the failure of the court to give it prior to verdict. No error is shown. *Vogt v. Rice,* 114 Ga. App. 251 (2) (150 SE2d 691).

4. Appellant also asserts that the court failed to inform the jury that they were to determine the fair market value as of the date of the taking, that being the proper measure (*Housing Authority of Decatur v. Schroeder,* 222 Ga. 417 (151 SE2d 226)), but again there was no exception before verdict. Moreover, an examination of the charge reveals that the court did explain to the jury that it was their duty to determine value as of the date of the taking. This enumeration is without merit.

None of the enumerations of error is meritorious and the judgment is

*Affirmed. Jordan, P. J., and Pannell, J., concur.*

Argued January 8, 1970—Decided January 16, 1970.

*Long & Siefferman, Floyd E. Siefferman, Jr.,* for appellant.

*King & Spalding, Charles M. Kidd, A. Felton Jenkins, Jr.,* for appellee.