## 50291. MURRAY et al. v. RICHARDSON.
## 50292. MURRAY et al. v. THOMPSON.
## 50293. MURRAY et al. v. HUDSON.

PANNELL, Presiding Judge.

The three cases above named have substantially the same set of facts, and questions of law are the same, or similar. When an enumeration of error applies only to

facts of one case it will be so shown by the writer.

The appellees, taxpayers of Irwin County, made their return to tax authorities as to the value of real estate owned by them. The tax assessors raised this evaluation considerably. The taxpayers appealed the assessors' decision to the Board of Tax Equalizers of Irwin County. The Equalization Board found a value of the properties lower than that found by the Board of Tax Assessors. The County Board of Tax Assessors appealed these decisions to the superior court. By agreement of counsel, the finding and proceedings of both boards was submitted to the jury. The judge informed the parties that same was not admissible over objection, but they stipulated its admission and it went to the jury. The value for which taxpayers returned their property was also before the jury. The parties testified at length as to the value of their property as to classes of certain property.

The jury in each case found below the assessors' valuation but not below the valuation of tax equalizer's or parties.

The Board of Tax Assessors appealed the judgment of the superior court to this court. *Held:*

1. The motion to dismiss is denied. See *Tiller v. State,* 224 Ga. 645 (164 SE2d 137).

2. The jury had before it, by agreement of counsel, the findings and proceedings of Tax Assessors and Tax Equalization Boards, and the value placed upon property by owners and evidence from parties as to value of real estate. Also, much evidence as to value of certain types of land contained within the various properties.

The verdict of the jury was within the range of testimony as to value. Thus, there was evidence to authorize the verdict and it is supported. *Derrick v. Rabun County,* 107 Ga. App. 229 (129 SE2d 583). The objections on the general grounds are held not meritorious.

3. In the Richardson case [No. 50291] no proper foundation was laid for the admission of warranty deeds as to other sales of land in the county. The judge did not err in excluding these deeds.

4. The ground that one of the Board of Tax Equalizers was disqualified because of relationship to the defendant in the Hudson case came too late when made at

the jury trial. Section (8)(A)(B) of the Act of 1972. (Ga. L. 1972, pp. 1094, 1100; Code Ann. § 92-6912 (8)(A)(B) ) sets the method for objection on this ground. The trial before jury is a de novo investigation, Section 6(C) of the above Act (Ga. L. 1972, pp. 1094, 1099; Code Ann. § 92-6912 (6)(C) ) and errors in the hearing before the tax equalizers would be waived if not objected to at the equalizers' hearing. What transpired at the hearing would not be admissible if objected to in the de novo investigation at trial before jury.

5. The court did not err in failing to give in charge all of the Act of 1972 (Ga. L. 1972, pp. 1094, 1101) as amended (Code Ann. § 92-6912) as many provisions of this Section were not pertinent to the issues in this case. The failure to charge upon request that portion of the above Section 5(A) of the Act of 1972 and Section 6(A) of the Act of 1972 as re-written by the Act of 1973 (Ga. L. 1973, pp. 709, 710; Code Ann. § 92-6912 (5)(A) and (6)(A)) was not error as the question of who appealed this case to the superior court and for what reason, was not an issue in this case for jury decision. Whether an appeal is properly before the court is a question of law for the court.

6. The court charged that portion of Code § 92-6911 relating to fair valuation and equalization, and Code § 92-2702 as to fair market value. If any further detail as to equalization was desired, same should have been requested.

7. Errors alleged to have been in the charge but to which there was no exception as provided in subsections (a) and (b) of Section 17 of the Appellate Practice Act as amended by Section 9 of the Act of 1968 (Ga. L. 1965, pp. 18, 31; Ga. L. 1968, pp. 1072, 1078; Code Ann. § 70-207) will not generally be held harmful as a matter of law, and will not be considered unless it appears that gross injustice is about to result or has resulted, directly attributable to alleged errors. *Nathan v. Duncan,* 113 Ga. App. 630, 631 (6) (149 SE2d 383).

Further, no objections were made to the charges other than those ruled upon above. We find no miscarriage of justice. *Bryant v. Housing Authority of the City of Atlanta,* 121 Ga. App. 32 (2) (172 SE2d 439).

*Judgment affirmed. Quillian and Clark, JJ., concur.*

ARGUED MARCH 10, 1975 — DECIDED APRIL 29, 1975.

*Murphey Rogers,* for appellants.
*Walters & Davis, J. Harvey Davis,* for appellees.