## BARKER *vs.* BLOUNT.

63  423
97  791

1. That the court stated that unless a deed was put in evidence, certain parol evidence would be ruled out, and thereupon counsel introduced the deed, will not cause a new trial, although it might have been error had the evidence been actually rejected.

(*a*) The court should not, of its own motion, rule out evidence which has gone to the jury without objection.

2. That the court ruled out tax digests is no ground for a new trial, it not appearing for what purpose they were offered, nor what is their contents.

3. Though a charge may be irrelevant, it will not necessitate a new trial, if it could not hurt the complaining party.

4. Where a witness, who was an administrator, testified to some facts touching his administration, on cross-examination he might be interrogated fully in regard thereto.

5. The verdict is sustained by the evidence.

· Evidence. Practice in the Superior Court. Charge of Court. New trial. Before Judge BARTLETT. Pike Superior Court. April Adjourned Term, 1878.

A *fi. fa.* in favor of Barker against G. B. M. Blount was levied on certain land, part of which was claimed by G. H. Blount.

On the trial, the following evidence was introduced:

1. G. B. M. Blount testified as follows: I was the administrator on the estate of Thomas Barker, father of plaintiff. Plaintiff sued me as such, I suppose, as I never owed him anything on any other account. I owned the land in dispute prior to 1869. I then gave it to claimant. He paid me nothing for it. He was my son, and I wanted him to have it. I then had 160 acres of land. Gave 80 acres to two of my sons. All the property I then had left was worth, I suppose, about $1,000. I then owed Mr. Freeman about $90. I considered that I had fully settled with all the seven children, including the plaintiff, except two, who had no guardians. Plaintiff then had a guardian, and I had paid her as much as I had paid any of the rest, and owed the balance as much as I owed him. I did not consider that I owed him or them anything. But he obtained this judgment against me on his claim. I don't remember that I owed any body else except Mr. Freeman then.

Cross examined:

I administered on the Barker estate in 1860. Sold the property on credit; collected most of the money in Confederate money. At that time prudent men were taking it for their debts. I have kept the money ever since. Have it now, except what I paid over to the heirs. I collected most of the money from the heirs who bought most of the property. I acted in the utmost good faith in the manage-

ment of the estate and paid out all the bank bills and other money (except Confederate money) to creditors of the Barker estate. The property was sold in 1861 on twelve months' credit, and collected in Confederate money (the only kind of currency then in circulation) in the due administration of the estate, and was kept entirely distinct and separate from my own funds, and all other funds in my hands. I turned over and accounted to the heirs of Barker for all the property and assets which came to my hands as administrator, except the small amount of Confederate bonds and money which I received in due course of administration of the estate, and kept separate, and it lapsed on my hands without any fault or mismanagement on my part. I have the Confederate money and bonds on hand now, the same that I received in due administration of the estate, and other than that I have in my hands no property or assets of said estate, having fully accounted for, and settled with, the heirs and creditors of said estate for all that came to my hands, except the Confederate bonds and currency now on hand, which was received in due and honest administration of the estate. Plaintiff in *fi. fa.* was a minor on the 1st of June, 1865, and his mother was then his guardian.

2. *Fi. fa.* from Pike superior court, David S. Barker *vs.* G. B. M. Blount for $260.75, principal, $291.78 interest to 19th of January, 1876, and $52.40 cost, dated January 19th, 1876, founded on judgment obtained at October adjourned term, 1875, with levy on the land in dispute by the sheriff of Pike county, dated January 31st, 1876.

3. Bond of G. B. M. Blount as administrator *de bonis non* on estate of Thomas Barker, deceased, with John T. Hall and Adam Simmons, securities, for the sum of $25,000, dated October 2d, 1860.

4. Deed of gift from defendant in *fi. fa.* to claimant to the land in controversy, dated November 3d, 1869.

The jury found the property not subject. Plaintiff moved for a new trial on the following grounds:

(1.) Because the court required the plaintiff to introduce

the deed under which claimant claimed, or to have part of his evidence ruled out—the claimant having produced said deed under notice from plaintiff.

(2.) Because the court rejected the tax returns of defendant for the years 1869 and 1870.

(3.) Because the court read to the jury par. 1 and 2, §1952 of the Code.

(4.) Because the court admitted Blount to testify about the general management of the Barker estate.

(5.) Because the jury found contrary to the law and the evidence.

The motion was overruled, and plaintiff excepted.

ALFORD & McDANIEL, for plaintiff in error.

BOYNTON & DISMUKE, for defendant.

WARNER, Chief Justice.

This was a claim case, on the trial of which, the jury, under the charge of the court, found the property not subject to the *fi. fa.* levied thereon. A motion was made for a new trial on the several grounds therein set forth, which was overruled, and the plaintiff excepted.

It appears from the evidence in the record, that the plaintiff's judgment on which the *fi. fa.* levied on the property was issued, bears date the 19th of January, 1876, and that the claimant was the son of the defendant in *fi. fa.*, who, the 23d day of November, 1869, made a voluntary deed of conveyance to his son, the claimant, to the land levied on. There was no error in stating to the plaintiff's counsel that unless he introduced the deed in evidence it would rule out the parol evidence of the maker of it, "that the consideration of the deed made by him to claimant was love and affection," said deed having been brought into court by the claimant under a notice to produce it, the court stating that it understood the deed to be in evidence before Blount, the witness, testified—the same not being a *decision*

of the court. The evidence was admitted without objection, and if the court had ruled it out, whether the plaintiff had introduced the deed in evidence or not, it would have been error. The plaintiff, however, introduced the deed in evidence, and the court made no decision ruling out the parol evidence. The court's stating it would rule out the parol evidence which had been admitted without objection, did not *compel* the plaintiff to introduce the deed; he could have let the court make its decision ruling out the parol evidence, and have excepted to it, but before any decision was made by the court, the plaintiff introduced the deed in evidence himself, and therefore no decision was made upon the question. See 48 *Ga.*, 30.

2. There was no error in ruling out the tax digest of Pike county, containing the tax returns of the defendant Blount for the years 1869 and 1870, inasmuch as it does not affirmatively appear for what purpose the same was offered, or what the returns contained, so as to show the relevancy of that evidence.

3. Whilst it is true that the 1st and 2d paragraphs of the 1952nd section of the Code read by the court in its charge to the jury, had no direct application to the question involved in the trial of the case, still it is not readily perceived how the jury could have been mislead by it, the more especially as the court read the 3d paragraph of that section, which was directly applicable to the question under consideration by them.

4. The evidence of Blount on his cross-examination as to the management of Barker's estate was admissible, on the ground that he was the plaintiff's witness, and on his direct examination testified that he was the administrator on that estate and also testified in relation to other matters connected with it.

5. In our judgment there is sufficient evidence in the record to sustain the verdict, and therefore it was not contrary to law, and there was no error in overruling the plaintiff's motion for a new trial.

Let the judgment of the court below be affirmed.