## DAVIS v. THE STATE.

1. Where a car inspector of one railroad company takes down in a memorandum book the numbers of certain cars which are about to be delivered to another company, and subsequently it becomes necessary to prove the numbers of these cars in order to identify certain brasses which had been stolen therefrom, the book is admissible in evidence on the trial of a person accused of the theft, if the inspector testifies that he made the entries of the numbers at the time he inspected the cars, "for the purpose of preserving the memory" of the numbers, that the entries were correctly made, and that he cannot remember the numbers independently of the book. *Allen* v. *Georgia Bank*, 60 *Ga.* 347; 1 Greenleaf Ev., §437 and notes.

(a) The book being admissible in evidence, it is not error to allow the jury to take it with them to their room and use it in their deliberations. The court may direct marks to be placed opposite the numbers in the book to aid the jury in finding the numbers of the cars in dispute, there being other numbers of other cars in the book.

2. Section 3248 of the code forbids a trial judge to intimate in his charge to the jury his opinion as to what has or has not been proved, and declares that should he do so this court shall grant a new trial. Hence, on the trial of a person accused of the larceny of certain brasses from certain cars, it was error to charge: "The State offers in evidence the stove in which it claims the metal was melted away from these brasses; offered also testimony as to jack-screw used for the purpose of obtaining the brasses from the car." This was an intimation of opinion that the accused used the jack-screw to obtain the brasses from the car.          *Judgment reversed.*

February 20, 1893.

Before Judge MILLER.   Bibb superior court.   November term, 1892.

Lee Davis was convicted of receiving stolen car brasses, knowing them to be stolen, of the property of the East Tenn., Va. & Ga. Railway Co.   The conviction was on the second count of the indictment; the first count charged him with the larceny of the brasses. His motion for a new trial was overruled.   Among the grounds of the motion it was alleged that the court erred in charging the jury thus:   "The State offers in evidence the stove in which it claims the metal was melted away from these brasses; offered also testimony as to jack-screw used for the purpose of obtaining the brasses from the car.   Consider all that evidence and look into it and see how it connects, if at all, the defendant with the transaction, either in the theft or in receiving the goods after being stolen, if you find they have been stolen.

GUSTIN, GUERRY & HALL, for plaintiff in error.

W. H. FELTON, Jr., solicitor-general, *contra*.