21245. OXFORD *v.* HORSLEY.

STEPHENS, J. 1. Where an owner of real estate, after having been in negotiations with another as a prospective purchaser for the property, authorized a real-estate broker to procure a purchaser for the property, and where the broker afterwards obtained from the same person with

whom the owner had been in negotiations an offer to purchase the property and a check for $25 to "bind the trade," which offer the broker communicated to the owner, and where the owner declined the offer, but afterwards sold the property to the person whose offer the broker had procured, upon the terms of the offer procured by the broker, and, when consummating this sale, accepted as part payment on the purchase-price the identical check which the purchaser had given to the broker to "bind the trade," the inference is authorized that the broker's efforts constituted the procuring cause of the sale. This is true notwithstanding the owner of the property, after having refused to make the sale of the property when the offer was first presented to him by the broker, finally concluded to sell the property because in the meantime he had been threatened with the foreclosure of a mortgage which was outstanding against the property.

2. Upon the trial of a suit by the broker against the owner to recover commissions for procuring the purchaser for the property, where the defendant testified without objection as to the contents of a letter which he stated contained a threat from the holder of the mortgage to sell the land if the defendant did not pay the indebtedness, it was not harmful to the defendant for the court to exclude the letter itself from evidence.

3. Where, after counsel for the plaintiff had orally requested the court to charge that if the plaintiff found a purchaser on the proposed terms and they were finally accepted by the defendant and the trade was closed by the defendant, the defendant would be liable, the court stated, "I have already charged that in substance," and then proceeded to charge the jury that if they believed, from the evidence, that the trade was finally concluded between the defendant and the purchaser upon the same terms which the plaintiff had procured from the purchaser, and that the plaintiff was the procuring cause of the sale, the jury should find for the plaintiff, the statement and charge by the court are not subject to the objection that they withdrew from the consideration of the jury the defendant's contention that the threat of the mortgagee to foreclose the mortgage, and not the efforts of the plaintiff, was the procuring cause of the sale, or that they amounted to an expression of opinion upon the weight of the evidence.

4. The rulings here made are consistent with those in *Doonan* v. *Ives & Krouse,* 73 *Ga.* 295.

5. The verdict found for the plaintiff was authorized, and no error of law appears.     *Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 18, 1932.

*W. H. Gurr,* for plaintiff in error.   *H. A. Wilkinson,* contra.