41985.  LEWIS v. THE STATE.

HALL, Judge.  1.  By special demurrers and motion to quash the indictment the defendant contends that the allegation in the indictment that he had previously been convicted of a felony deprived him of the right, given by *Code* § 38-202, not to have his character put in issue, and of his rights to a fair trial, due process and equal protection of the laws guaranteed by the State and Federal Constitutions.  The contention is that the statute, providing specially for the penalty upon conviction of a person who has previously been convicted of a felony (*Code* § 27-2511, as amended by Ga. L. 1953, Nov. Sess., pp. 289, 290), impliedly requires that a previous conviction be alleged in the indictment, but does not provide a method for proving the allegation of a previous conviction; and since this statute does not repeal *Code* § 38-202, declaring the general character of the defendant and his conduct in other transactions to be irrelevant, the indictment making an issue of his previous conviction deprived him of substantial rights, above mentioned.  The defendant's counsel argues this contention forcefully and persuasively.  However, the issues presented have already been considered by the Supreme Court. The decided cases are contrary to the defendant's contention. *Tribble v. State,* 168 Ga. 699, 700 (148 SE 593) ; *Kryder v. State,* 212 Ga. 272, 273 (91 SE2d 612) ; *Coleman v. State,* 215 Ga. 865, 866 (114 SE2d 2) ; *Reid v. State,* 49 Ga. App. 429, 430 (176 SE 100) ; *Berry v. State,* 51 Ga. App. 442, 446 (180 SE 635).

2.  "A witness may refresh and assist his memory by the use of any written instrument or memorandum, and it is not essential that the memorandum should have been made by the witness himself." *Smith v. City of Atlanta,* 22 Ga. App. 511 (96 SE 334) ; *Code* § 38-1707; *Williams v. Kelsey & Holsted,* 6 Ga. 365, 373; Green, Georgia Law of Evidence 622, § 314.  The defendant's enumeration of error on the ground that a witness' testimony was inadmissible hearsay because he "was testifying from a business record not made by himself or someone at

his direction and that said record . . . did not qualify as a business record maintained in the ordinary course of [the witness'] business," is without merit.

3. The evidence was sufficient to support the verdict of guilty.

*Judgment affirmed. Nichols, P. J., and Eberhardt, J., concur. Deen, J., disqualified.*

ARGUED MAY 3, 1966—DECIDED MAY 13, 1966— REHEARING DENIED MAY 24, 1966—

*William A. Searcy,* for appellant.