23663. BLOUNT, Administratrix v. FAULK.

Submitted September 12, 1966—Decided October 6, 1966.

*J. Douglas Carlisle, Berlin, Hodges & Nichols,* for appellant.

COOK, Justice. ■ The petition alleged that the defendant failed to "look after, attend to and care for grantor for the balance of her natural lifetime," pursuant to the recitation in the deed of this agreement as a part of the consideration of the deed, and that the defendant did not intend to comply with her promise when she made it. See *Dillard v. Brannan,* 217 Ga. 179 (121 SE2d 768). A careful consideration of the evidence on the trial discloses that it completely failed to support these allegations, and the trial judge did not err in directing a verdict for the defendant.

■ The assignments of error on the refusal to admit evidence relate to some letters purported to have been written by the grantor in the deed, Mrs. Newby, to one of her daughters, Mrs. Ailene Newby Hodges. Mrs. Hodges testified at length for the petitioner on direct examination. She was cross examined by counsel for the defendant, re-examined on direct examination, again cross examined, and thereafter examined on direct examination. When this witness was recalled on the following day to identify the letters sought to be introduced, objection was made to her recall on the ground that no evidence had been introduced for the defendant and her testimony could not be in rebuttal. The trial judge stated that he would exclude the evidence "for the reason that the letters have been in the possession of Mrs. Hodges from anywhere from 6 to 9 years, this

suit was filed in December of 1964, she had knowledge of them at that time, she was represented by counsel or the administratrix was represented by counsel, she has testified on the stand and she has stated that the letters were in her possession yesterday and were in an automobile outside the courthouse here in Jeffersonville, but no offer was made to tender these at that time. I will not allow her to re-testify, or testify, as to any material matter that she could have testified to while she was on direct yesterday."

The only evidence introduced by the defendant was the warranty deed sought to be canceled by the petitioner. After the introduction of this deed counsel for the petitioner undertook to put the defendant on the stand for cross examination in an attempt to have her identify her mother's handwriting on the same letters previously excluded. Counsel for the defendant asserted that this evidence was not in rebuttal of the deed, the only evidence introduced for the defendant, and urged that the letters should not be admitted under these circumstances. They were again excluded by the trial judge.

Counsel for the appellant insist that these letters should have been admitted in evidence and cite authorities to the effect that evidence necessary to make out a case for the plaintiff should be admitted. The contents of the letters offered in evidence were never made a part of the record in any way. This court has no way of knowing whether they were relevant and material, or whether they would have supplied evidence necessary to make out a case for the petitioner, and we will not reverse the judgment in this case because of the exclusion of these letters. *Barker v. Blount,* 63 Ga. 423 (2).

*Judgment affirmed. All the Justices concur.*