42582. HASKINS v. CARSON.

SUBMITTED FEBRUARY 8, 1967—DECIDED MARCH 2, 1967.

*Sumner & Boatright, J. Laddie Boatright,* for appellant.

*Preston & Preston, M. L. Preston,* for appellee.

QUILLIAN, Judge. ■ The appellant contends the plaintiff's testimony, as to the items of the account and the amount due, consisted of information acquired solely through records that were kept by a third person. Hence, he argues that such evidence was hearsay, without probative value, and did not authorize the verdict.

After having refreshed his memory by looking at the petition the plaintiff testified, without objection, as to the amount which had been paid on the account and how much was due thereon. Testimony of a witness as to the facts from which books of account are made up is admissible as primary evidence. *Harper v. Hammond & Sons,* 13 Ga. App. 238 (3) (79 SE 44); *Booth v. Schmoller & Mueller Piano Co.,* 32 Ga. App. 35 (3) (122 SE 636); *Code* § 38-1707; *Lenney v. Finley,* 118 Ga. 427, 430 (45 SE 317).

While the evidence was in sharp conflict as to the sum due on the account and the amount of labor furnished to the defendant it was sufficient to support the verdict. Enumerations of error 1, 2, 3, 4, 5, 10 and 11 are without merit.

■ Enumerations of error 6 through 9 complain that: (1) the charge was not adjusted to the pleadings, issues and evidence; (2) the court erred in failing to give certain instructions to the jury, even without request. These objections, not having been made before the jury returned its verdict as required by *Code Ann.* § 70-207 (a) (Ga. L. 1965, pp. 18, 31; Ga. L. 1966, pp. 493, 498), are not considered.

■ The appellant insists in Enumerations of error 12 and 13 that the trial judge erred in refusing to allow two wit-

nesses who were carpenters to testify as to the value and amount of labor necessary to construct a structure similar to the defendant's cabin. Assuming arguendo that the testimony would have been admissible, there was no proper foundation laid for its admission in the present case. The witnesses failed to testify as to several essential facts that would have been necessary to enable them to form a valid opinion as to the value of the cabin and the amount of labor necessary for its construction. One of the essentials lacking was that there was no evidence that either witness had been inside the cabin subsequent to its completion. *Georgia Power Co. v. Livingston,* 103 Ga. App. 512 (2) (119 SE2d 802). The testimony was properly excluded.

*Judgment affirmed. Frankum, P. J., and Deen, J., concur.*