43659.  WOODWARD et al., Executors v. CITY COUNCIL OF AUGUSTA.

DEEN, Judge.  "A witness may refresh and assist his memory by the use of any written instrument or memorandum, provided he finally shall speak from his recollection thus refreshed, or shall be willing to swear positively from the paper." *Code* § 38-1707.  This definitely allows oral testimony by a witness which the witness, absent the memorandum, would not be able otherwise to recollect.  Does it also form a basis for allowing the written memorandum on which the oral testimony is based to be introduced in evidence?  Excluding such memoranda as are admissible by reason of coming under the Business Records Act or because they are part of the res gestae (*Davis v. State,* 91 Ga. 167 (1) (17 SE 292)), it is generally held that the memorandum has no present evidentiary value, since "it is not the memorandum that is the evidence, but the recollection of the witness." *Stansall v. Columbian Nat. Life Ins. Co.,* 32 Ga. App. 87, 91 (122 SE 733).  An exception is noted where the opposite side wishes to introduce the memorandum in order to weaken the effect of the testimony.  In *Ingram v. Hilton & Dodge Lumber Co.,* 108 Ga. 194 (3) (33 SE 961), a memorandum of a conversation between the witness and another was held in-

admissible for any purpose. In *Southern R. Co. v. Cowan*, 52 Ga. App. 360, 368 (6) (183 SE 331) a memorandum not authenticated under the shopbook rule was held inadmissible. See also *Schall v. Eisner*, 58 Ga. 190 (2); *Draffin v. Massey*, 93 Ga. App. 329 (2) (92 SE2d 38); *Mallette v. Mallette*, 220 Ga. 401 (139 SE2d 322).

In the present case the witness estimated the value of the property condemned based on reconstruction cost new. He had prepared a cost breakdown which he gave verbatim and without objection, apparently referring to the document for that purpose. The document was then offered in evidence and excluded over objection. The ruling was without error. The best evidence of the expert witness' opinion of the cost of reconstruction was his own testimony to that effect, not the worksheet which he had prepared in order to assist him in presenting the testimony.

*Judgment affirmed. Jordan, P. J., and Pannell, J., concur.*

SUBMITTED MAY 8, 1968—DECIDED JUNE 10, 1968.

*Franklin H. Pierce*, for appellants.
*Henry J. Heffernan*, for appellee.