## 43843. STATE HIGHWAY DEPARTMENT v. GODFREY et al.

PANNELL, Judge. Appraisal reports and written memoranda of two witnesses for the condemnor and written memoranda of two witnesses for the condemnee all of whom were testifying as to the value of the property for which condemnation was sought, were admitted in evidence in behalf of the condemnee over objection of the condemnor. On appeal to this court, error is enumerated on these rulings and error is also enumerated on the alleged provision for interest on interest in the judgment entered upon the verdict of the jury. Error is also enumerated upon the motion for new trial complaining of these matters. *Held:*

1. " 'A witness may refresh and assist his memory by the use of any written instrument or memorandum, provided he finally shall speak from his recollection thus refreshed, or shall be willing to swear positively from the paper.' *Code* § 38-1707. This definitely allows oral testimony by a witness which the witness, absent the memorandum, would not be able other-

wise to recollect. Does it also form a basis for allowing the written memorandum on which the oral testimony is based to be introduced in evidence? Excluding such memoranda as are admissible by reason of coming under the Business Records Act or because they are part of the res gestae (*Davis v. State,* 91 Ga. 167 (1) (17 SE 292)), it is generally held that the memorandum has no present evidentiary value, since 'it is not the memorandum that is the evidence, but the recollection of the witness.' *Stansall v. Columbian Nat. Life Ins. Co.,* 32 App. 87, 91 (122 SE 733). An exception is noted where the opposite side wishes to introduce the memorandum in order to weaken the effect of the testimony." *Woodward v. City Council of Augusta,* 117 Ga. App. 857 (162 SE2d 304). Accordingly, the trial court erred in admitting into evidence the memoranda prepared by the witnesses for the condemnee, but did not err in admitting in evidence the memoranda and appraisal reports of the witnesses for the condemnor.

2. "In all cases where judgment may be obtained, such judgment shall be entered up for the principal sum due, with interest, provided the claim upon which it was obtained draws interest; but no part of such judgment shall bear interest except the principal which may be due on the original debt." *Code* § 110-304. "All judgments in this State shall bear lawful interest upon the principal amount recovered." *Code* § 57-108. See also *Southern Loan Co. v. McDaniel,* 50 Ga. App. 285 (177 SE 834) and citations. See also *Bank of Tupelo v. Collier,* 191 Ga. 852, 858 (3) (14 SE2d 59). The verdict of the jury here was for an additional sum of $5,152.20 to that awarded and already paid to the condemnee upon the taking on June 20, 1961. The judgment was for the additional sum "together with interest on said $5,152.20 at the rate of 7% per annum from June 20, 1961 in the sum of $1,425.25, or a total of $6,577.45, together *with interest on said $6,577.45 at the rate of 7% from May 14, 1965 until paid."* This judgment clearly provides for interest on interest. The trial court erred in so providing.

*Judgment reversed. Jordan, P. J., and Deen, J., concur.*

SUBMITTED SEPTEMBER 9, 1968—DECIDED OCTOBER 28, 1968.

*Arthur K. Bolton, Attorney General, Richard L. Chambers, Assistant Attorney General, Robert L. Royal, Deputy Assistant Attorney General, John T. Minor, III,* for appellant.

*Mitchell & Mitchell, Coy H. Temples, Erwin Mitchell,* for appellees.