45762.   MABRY et al. v. HENLEY.

Argued November 9, 1970—Decided April 2, 1971.

*Martin McFarland,* for appellants.

*E. T. Hendon, Jr.,* for appellee.

QUILLIAN, Judge. ■ Enumerations of error 3-24 are so related as to be considered together. They involve the exclusion of 15 exhibits consisting of checks, invoices and adding machine tape. Grounds 3, 4 and 20 complain of the trial judge's ruling excluding the 15 exhibits in toto. Grounds 5-19 complain of the exclusion of each individual exhibit. Ground 21 and part of Ground 22 assign error on the refusal to allow counsel for the defendants to make an offer of proof as to the exhibits. The remaining part of Ground 22 and Grounds 23 and 24 complain of the exclusion of the defendant Mabry's oral testimony with regard to information contained in the exhibits.

The issues herein involved arose out of the following circumstances. The defendants sought to introduce a series of exhibits which contained invoices from suppliers and subcontractors, checks in payment to the suppliers and adding machine tapes which the defendants used in connection with these transactions. Counsel for the plaintiff objected to 15 of these exhibits but did not set forth a ground for such objection. Nevertheless, the trial judge excluded them and stated for his reason that the amounts shown on the checks and the total of the invoices did not correspond.

After the trial judge indicated he would rule on the admissibility of the exhibits the defendants attempted to introduce additional evidence with regard to such exhibits but were refused in their offer to do so. After the exclusion of the exhibits, the defendants twice attempted to make futher offer of proof as to what the exhibits would show but again the trial judge refused to allow this.

(a) "It is the rule in this State that, whether the objections urged to the admission of evidence be valid or invalid, a judgment excluding it will be affirmed if it was inadmissible for any reason." *Edmonds v. State,* 201 Ga. 108, 131 (39 SE2d 24). See *Harrison v. Regents of the Univ. System,* 105 Ga. App. 817 (1 b) (125 SE2d 793); *Heaton v. Hayes,* 188 Ga. 632 (4 SE2d 570). Under authority of *Martin v. Baldwin,* 215 Ga. 293 (4) (110 SE2d 344): "A record or writing is not admissible under *Code Ann.* § 38-711 without the testimony of a witness whose evidence shows that the writing or record offered is a memorandum or record of an act, transaction, occurrence, or event made in the regular course of the business, and that it was the regular course of the business to make such memorandum or record at the time of such act, transaction, occurrence, or event, or within a reasonable time thereafter." See *Walburn v. Taunton,* 107 Ga. App. 411 (2) (130 SE2d 279); *Home Finance Co. v. Smith,* 116 Ga. App. 76 (1) (156 SE2d 522). As to the exhibits in question, the defendants failed to meet these requirements and the evidence was therefore inadmissible. Even though the trial judge's reason for excluding the evidence might be erroneous, we are compelled by the above authority to hold that such ruling must be affirmed.

(b) Enumerations of error 21 and 22 complain that the court erred in not permitting the appellants to make an offer of proof as to the excluded exhibits.

It is, of course, a well settled rule that in order to preserve a ground with regard to the exclusion of oral evidence, it is necessary that the complaining party show what he expects to prove and that such evidence was material, relevant and beneficial to him. *Berger v. Plantation Pipeline Co.,* 121 Ga. App. 362 (3) (173 SE2d 741); *Griffin v. Henderson,* 117 Ga. 382, 384 (43 SE 712). There is also a general rule that "where offer of proof is necessary, it is error for the trial court to refuse an opportunity to counsel to state what he proposes to prove by the evidence offered." See 88 CJS 179, Trial, § 73, and cases cited. The Georgia courts have recognized the necessity of allowing an offer of proof. See *Weathers Bros. Transfer Co. v. Jarrell,* 72 Ga. App. 317, 345 (33 SE2d 805); *Griffin v. Henderson,* 117 Ga. 382, 384, supra; *Holland v. Williams,* 126 Ga. 617, 618 (55 SE 1023). The Supreme

Court stated in the *Holland* case: "Where a question propounded to a witness is objected to and rejected, counsel should be allowed to place on record what evidence it is expected the question will elicit, in order that his exception may be perfected."

In *Douglas v. American Cas. Co.,* 106 Ga. App. 744, 745 (128 SE2d 364), this court, considering the exclusion of documentary evidence, held: "Where the errors complained of relate to and require a consideration of evidence, it must be brought up in the bill of exceptions or attached to it as exhibits properly identified by the trial judge or embodied in an approved brief of evidence and brought up as a part of the record." See also *Athens Mfg. Co. v. Malcolm,* 134 Ga. 600 (2) (68 SE 329); *Blount v. Faulk,* 222 Ga. 589, 590 (151 SE2d 135).

We note that the exhibits are part of the record and there had been testimony concerning such exhibits as well as statements by counsel as to their import. Moreover, since they were inadmissible because the proper foundation for their admission had not been laid, the failure to allow counsel for the defendants to show what he expected to prove by the exhibits was not harmful error.

(c) Subsequently, counsel for the defendants now attempted to elicit the substantive information as to costs and expenses by the oral testimony of the defendant Mabry using certain parts of the exhibits, previously ruled inadmissible, to refresh and assist his memory. Rulings in this regard are the subject of enumerations of error 22, 23 and 24.

Enumeration of error 22 concerns the trial judge's ruling made basically at the beginning of extended colloquy, between the judge and counsel, interspersed with some testimony, wherein the judge stated: "this witness is obviously reading from the exhibit and reading the contents of the exhibit that has been excluded by the court, and the court will make this statement to you at this time, and you may govern yourselves accordingly. You are subject to contempt proceedings now. The court has ruled on the exhibit and will hear nothing else about these exhibits, and the court will not allow this witness to read from these exhibits."

Enumeration of error 23 complains that when counsel asked the judge if the witness could refresh his recollection the following ruling was made: "He may refresh his recollection, but the court

will not let him add up from the exhibit the total amount whereby he has got to read from this exhibit to know. He may refresh his recollection. Now you may govern yourselves accordingly, and if he steps overbounds one more time, that's it."

The colloquy was concluded when the trial judge ruled: "If the court's memory serves it correctly, sometime last week, or this week, the attorney for the defendant in this case went over each of the documents that there was an objection placed to, and at that time had ample opportunity to examine the witness on each of these items. Therefore, this court will rule out any further questions regarding these particular exhibits. You may proceed along other lines." This was the basis of enumeration of error 24.

" 'A witness may refresh and assist his memory by the use of any written instrument or memorandum, provided he finally shall speak from his recollection thus refreshed, or shall be willing to swear postively from the paper.' *Code* § 38-1707. This definitely allows oral testimony by a witness which the witness, absent the memorandum, would not be able otherwise to recollect." *Woodward v. City Council of Augusta,* 117 Ga. App. 857 (1) (162 SE2d 304). See *Veal v. Wood,* 29 Ga. App. 94 (113 SE2d 818); *Steinmetz v. Chambley,* 90 Ga. App. 519, 524 (83 SE2d 318); *Lewis v. State,* 113 Ga. App. 714 (2) (149 SE2d 596); *Akins v. Ga. R. & Bkg. Co.,* 111 Ga. 815 (3) (35 SE 671). "Testimony of a witness as to the facts from which books of account are made up is admissible as primary evidence." *Haskins v. Carson,* 115 Ga. App. 336 (1) (154 SE2d 626).

Here the evidence sought to be given was not objectionable. Even if the documents themselves were inadmissible as business records for lack of the proper foundation having been laid under *Code Ann.* § 38-711 (Ga. L. 1952, p. 177), the defendant could refresh his memory by the use of their contents in order to give his own testimony, as primary evidence. See *Woodward v. City Council of Augusta,* 117 Ga. App. 857 (1), supra; *State Hwy. Dept. v. Godfrey,* 118 Ga. App. 560 (164 SE2d 340).

Nevertheless, subsequently the trial judge admitted into evidence the defendant's Exhibit 67, which was identified as the defendants' "job book record" consisting of entries of day-to-day costs and which included records of the job in question. Comparison of

the items contained in the "job book record" with the payments contained in the exhibits reveals them to be virtually identical. Upon careful examination, the existence of a minor discrepancy is found to be in the defendants' favor since the "job book record" apparently has $5.86 in costs more than the exhibits show. Hence, any error in the exclusion of testimony regarding the exhibits, or the exclusion of the exhibits themselves, was harmless error where other evidence of similar import was admitted. *Oxford v. Horsley,* 44 Ga. App. 821 (2) (163 SE 284); *Louisville & N. R. Co. v. McCamy,* 72 Ga. App. 769 (2) (35 SE2d 206); *Kirkman v. Ashford,* 145 Ga. 452, 457 (89 SE 411).

■ Enumerations of error 27 and 28 assert that the trial judge erred in failing to grant the defendants' motion for directed verdict and in allowing the plaintiff's petition as amended to go to the jury. The defendants contend that the plaintiff failed to show a proper measure of damages in a case of this nature.

In *Allied Enterprises v. Brooks,* 93 Ga. App. 832 (2) (93 SE2d 392), it is said: "The proper measure of the owners' damage would be the difference of the value of the house as finished by the building contractor and the house as it ought to have been finished under the terms of the contract." However, this is not the sole method of ascertaining the measure of damages. "The actual cost of completing the items, or the estimate of the cost for doing so by people in the business, is much more likely to represent the true damage suffered from the failure of the seller to complete his contract than would the opinion of an expert in real estate as to the difference in values, though that proof would certainly have been acceptable. Proof of the cost of repairing a house because of faulty construction has been held illustrative of the difference in the value claimed as damages. *Spielberg v. McEntire,* 105 Ga. App. 545, 550 [125 SE2d 134]. 'Where the defects in the house as constructed may be remedied at a reasonable expense, it would be proper, we think, to deduct from the contract price the sum which it would cost to complete it according to the requirements of the plans and specifications.' " *Wilson v. Black,* 114 Ga. App. 735, 738 (152 SE2d 755). See *Windsor Forest v. Rocker,* 115 Ga. App. 317, 322 (154 SE2d 627); *Bandy Bros. v. Frierson's Sons,* 138 Ga. 515, 519 (75 SE 626).

There was evidence which would sustain the alternative measures of damages above set out.

It should be further noted that in this case the contract was based on "cost plus 10%" and that the plaintiff raised factual issues as to the correctness and necessity of several charges claimed by the defendants as part of their costs. See in this connection *Talerica v. Grove Park Plumbing Service,* 103 Ga. App. 591 (120 SE2d 36). It is, therefore, apparent that the trial judge did not err in refusing to grant the motion for directed verdict.

■ Enumeration of error 2 sets out that it was error for the trial judge to exclude the defendants' Exhibit D-9 Which was a recapitulation of the costs incurred by the defendants in building the plaintiff's house.

No reference is found in either the enumeration of errors or the appellant's brief as to where the ruling complained of may be found in the record. In fact, the only reference to the record is to the location of the excluded exhibit itself. Thus, for failure to comply with Rule 17 (c 3) of this court, this ground is deemed abandoned. *Burchfield v. Byers,* 121 Ga. App. 152 (2) (173 SE2d 230).

■ (a) Enumerations of error 31, 32 and 33 complain of the admission of certain evidence. Where "substantially the same evidence objected to was later elicited without objection on direct and cross examination, the error in overruling the objection, if any, was harmless." *Multiple Realty v. Walker,* 119 Ga. App. 393 (1) (167 SE2d 380). See *Chatham Amusement Co. v. Perry,* 216 Ga. 445 (10) (117 SE2d 320); *Cloer v. Life & Cas. Ins. Co.,* 222 Ga. 798, 801 (152 SE2d 857).

(b) Enumeration of error 25 sets out that the trial judge erred in failing to allow the defendant to write certain figures on a blackboard.

This ground which was merely reiterated in appellant's brief and unsupported by citation of authority is deemed abandoned. *Elam v. Atlantic C. L. R. Co.,* 115 Ga. App. 656 (6 a) (155 SE2d 644); *Smith v. Biggers,* 115 Ga. App. 661 (2) (155 SE2d 719); *Edge v. State,* 117 Ga. App. 628 (161 SE2d 420); *Harrell v. Bedgood,* 121 Ga. App. 16 (2) (172 SE2d 485).

■ The only issue raised by enumeration of error 30 is that the

charge gave the wrong measure of damages with regard to recoupment. The charge was taken from *Allied Enterprises v. Brooks,* 93 Ga. App. 832, supra, and was not error for the reasons assigned.

■ Enumeration of error 29 complains of an action taken by the trial judge to which no objection was interposed. This ground is without error.

■ Enumeration of error 26 asserts that it was error not to allow Mrs. Blaine Mabry to testify. At the time she was offered as a witness, the trial judge stated: "Just a moment. I'll have to ask you to remove yourself back to the jury room. (The jury retires from the courtroom). Now at the beginning of the case the court asked the question of Mrs. Mabry going to be a witness, and the court was informed Mrs. Mabry would not, in fact, be a witness, and she was allowed to stay in the courtroom." Since the plaintiff had invoked the rule of sequestration of the witnesses, the trial judge, therefore, held that the witness would not be allowed to testify.

Counsel for the defendants now contends that there was nothing in the record to show that any statement was made with regard to whether Mrs. Mabry would or would not be a witness. However, at the time the witness was called and the trial judge made the above quoted statement, counsel for the defendants acquiesced by answering: "Well, at that time, Your Honor, I had not intended to call her."

There is no merit in this enumeration of error.

*Judgment affirmed. Bell, C. J., and Whitman, J., concur.*