48276. DEL-COOK TIMBER COMPANY, INC. v. BIRD.

QUILLIAN, Judge. Del-Cook Timber Company, Inc., appellant, and

Frank Bird, Jr., appellee, entered into a contract whereby appellee sold to the appellant certain trees located in Madison County, Florida. Appellee was advanced the sum of $1,000 in accordance with the terms of the contract.

One of the provisions of said contract was that if appellant was unable to cut and remove $1,000 in value of trees from the tract between February 26, 1969 and August 27, 1970, then appellant would have the option to extend the contract or have the $1,000 refunded. In a prior appearance, this court held: "This provision shows the buyer's options become exercisable if it has been 'unable to cut and remove.' Whether such was the case is a question of fact." *Del-Cook Timber Co. v. Bird,* 125 Ga. App. 595 (188 SE2d 518).

Appellant did not cut and remove any trees from the tract during that time and the attorneys for the appellant gave appellee notice that they desired a refund of the $1,000 advance.

Thereafter, appellee refused to refund the advance consideration and appellant filed suit against appellee. The case proceeded to trial before a jury and a verdict was returned by the jury in favor of the appellee. *Held:*

1. The appellant's contention at the trial was that it was unable to cut the timber during the term of the contract because the land was too wet to permit logging during that time. The appellee took the position that the land was sufficiently dry during that period for the logs to have been cut and removed. A witness for the defendant, Vernel Webb, testified, over objection of the appellant, that in his opinion conditions on the land were such that the one thousand dollars worth of timber could have been harvested during the period of the contract. Another witness, Roy Bolen, testified over objection, when being examined by appellee's counsel: "Q. Have you ever talked to Mr. Bird about your impression of whether or not it could be logged? A. He asked me and I told him in my opinion in the 18 months there could have been that much cut out of there." However, both of the witnesses testified that they did not see the condition of the land between February 26, 1969 and August 27, 1970 which was the term of the contract. Neither of the witnesses having seen the condition of the land during the term of the contract, under that which was held in *Georgia Power Co. v. Livingston,* 103 Ga. App. 512 (2) (119 SE2d 802), and *Haskins v. Carson,* 115 Ga. App. 336 (3) (154 SE2d 626), their testimony was not admissible.

2. The remaining enumerations of error are without merit.

*Judgment reversed with direction that a new trial be granted. Bell, C. J., and Deen, J., concur.*

SUBMITTED JULY 2, 1973 — DECIDED SEPTEMBER 14, 1973 — REHEARING DENIED OCTOBER 11, 1973 —

*Knight & Perry, W. D. Knight,* for appellant.

*Tillman, Brice, McTier & Coleman, John T. McTier,* for appellee.