## 51091. WILLIAMS v. THE STATE.

WEBB, Judge.

Leroy Williams was tried and convicted of theft by receiving stolen property (Criminal Code § 26-1806), and

he appeals. *Held:*

1. Enumerations 1 and 2 complain that the court erred in admitting into evidence state's exhibits 1 and 2, which were lists of items stolen from the burglarized businesses. Assuming arguendo that it was error to admit the lists from which the witnesses testified (compare *State Hwy. Dept. v. Godfrey,* 118 Ga. App. 560 (1) (164 SE2d 340) with *Davis v. State,* 91 Ga. 167 (1) (17 SE 292)), the witnesses were nevertheless authorized to refresh their memories and swear from the lists (*Shouse v. State,* 231 Ga. 716, 718 (5a) (203 SE2d 537)); and having done so the admission of the lists themselves was cumulative to the oral testimony and harmless, obviating the necessity of reversal. *Mabry v. Henley,* 123 Ga. App. 561 (1c, 4) (181 SE2d 884); *Dill v. State,* 222 Ga. 793 (1) (152 SE2d 741).

2. Defendant complains that the state improperly placed his character in issue by the following testimony of John Norton, a wholesale dealer who had initially agreed to buy the property but who called the police instead: "Q. At that point Leroy didn't know that you had been talking with the police, did he? A. He had some indication. To be perfectly honest, I had known and had dealt with Leroy. I had not with any of the others." This testimony did not impermissibly put defendant's character in issue, and there was no error in overruling the motion for mistrial. *James v. State,* 223 Ga. 677 (11) (157 SE2d 471); *Creamer v. State,* 229 Ga. 704 (2) (194 SE2d 73).

3. In Enumeration 4, defendant complains that the court erred in permitting Ronnie Knighton, attorney for the co-indictee, to testify after the witness had remained in the courtroom during the trial after the rule of sequestration had been invoked. Attorney Knighton testified that in return for the co-indictee's guilty plea and testimony on behalf of the state, the district attorney would recommend a probated sentence. The sole purpose of this witness' testimony was to reveal the agreement testified to (see *Allen v. State,* 128 Ga. App. 361 (196 SE2d 660)), and the testimony was favorable to defendant since it might adversely affect the co-indictee's credibility as a state's witness. See *Cauley v. State,* 130 Ga. App. 278, 294-296 (203 SE2d 239); *Cauley v. State,* 134 Ga. App. 310 (214 SE2d 402); *Echols v. State,* 231 Ga. 633, 634 (1) (203

SE2d 165). One who seeks the reversal of a verdict and judgment must show harm as well as error. *Dill v. State,* 222 Ga. 793 (1), supra.

*Judgment affirmed. Bell, C. J., and Marshall, J., concur.*

ARGUED SEPTEMBER 17, 1975 — DECIDED SEPTEMBER 30, 1975.

*Tate & Kreeger, George H. Kreeger,* for appellant.
Leroy Williams, *pro se.*

*George W. Darden, District Attorney, B. Wayne Phillips, Assistant District Attorney,* for appellee.