## 58732. CROSSWELL v. ARTEN CONSTRUCTION COMPANY.

McMURRAY, Presiding Judge.

This is an action for a breach of a construction contract predicated upon a June 26, 1976, agreement whereby Arten Construction Company agreed to construct a building for Crosswell (Brandon Hall faculty residence building). The contract made time of the essence and provided that the project be commenced on or before August 15, 1976, and be completed 100 days after commencement. However, Crosswell instructed Arten not to begin construction and considerable delay ensued. When Crosswell became ready to commence the project, Arten declined to construct the building at the original contract price due to cost increases.

Crosswell eventually contracted with another construction company for the erection of the building, whereupon Arten Construction Company brought this lawsuit.

The complaint alleges damages of $19,643.50 with interest and costs. A trial was held and the jury returned a verdict in this amount. The judgment followed the verdict. Defendant appeals. *Held* :

1. The first enumeration of error is concerned with the denial of a motion to require the plaintiff to produce documents. Prior to trial defendant had served on the plaintiff notice for production and permission to inspect and copy the plaintiff's federal income tax returns and profit and loss statements for the years 1974, 1975, and 1976. The plaintiff objected to this request, and defendant's motion that the trial court require plaintiff to produce and allow defendant to inspect and copy these documents was denied. Defendant then served on plaintiff

a motion to produce these documents at trial. At trial, plaintiff again opposed allowing defendant access to these documents. After an in camera inspection of these documents the trial court determined there might be information in these documents which would be relevant and material to this case. The court allowed defendant's counsel to examine these documents for 15 minutes prior to trial.

This action was instituted to recover damages allegedly sustained by virtue of the breach of the construction contract. The measure of damages for such breach is usually the contract price less what it would have cost the contractor to perform, that is, the profits. See Code §§ 20-1406, 20-1407, 20-1414; *Murphey v. Northeastern Const. Co.,* 31 Ga. App. 715 (121 SE 848); *Campbell & Co. v. Mion Brothers,* 6 Ga. App. 134 (3) (64 SE 571); *Murray v. Americare-Medical Designs, Inc.,* 123 Ga. App. 557, 559 (3) (181 SE2d 871). Under the circumstances it is not very clear as to how the plaintiff's federal income tax returns and profit and loss statements would be admissible in evidence in this case. It could be, however, that for the purposes of discovery with reference to mitigation of the damages that the defendant might have been able to investigate and determine that the plaintiff suffered no loss by reason of the failure to perform this construction contract. It therefore would have been discretionary with the court to allow the production of these documents for discovery purposes. At trial when the defendant again requested under a notice to produce to examine these documents he was given approximately 15 minutes to do so. Thereafter counsel did not request and made no motion to continue or postpone the case in order to investigate further anything counsel found in the documents which would assist defendant in the preparation of the case. Without conceding, however, that the trial court erred in denying defendant's motion to require plaintiff to produce the documents for inspection, we believe that if there were error it was indeed harmless for defendant was later given the opportunity to inspect the profit and loss statements for the fiscal years ending August 31, 1974, and August 31, 1975, and to introduce them into evidence. Had the defendant needed further

discovery, the proper action on his part would have been a motion to postpone or to continue. Consequently, we find no merit in this complaint.

2. The next enumeration of error was to the allowance in evidence of a business document of the plaintiff with reference to a written estimate of the cost of construction by which the plaintiff determined the contract sum to be $103,939. The witness who identified this document was the company president who had previously testified to the increased cost which would have resulted in the delay of performance of the contract when plaintiff was not allowed to proceed in constructing it. He then testified as to how the job estimate was prepared from a quantity survey of all materials and labor and subcontract items, a normal procedure in the construction industry and such estimates are prepared as a basis for bidding or quoting prices for doing jobs. During the examination of this witness as to the cost involved in the job he was not allowed to refresh and assist his memory by the use of the document upon objection of counsel for the defendant that the document speaks for itself and the witness should not be allowed to testify as to what is in the document. It is generally held that a memorandum has no present evidentiary value since it is not the memorandum that is the evidence but the recollection of the witness. *Stansall v. Columbian Nat. Life Ins. Co.*, 32 Ga. App. 87, 91-92 (122 SE 733); *State Hwy. Dept. v. Godfrey*, 118 Ga. App. 560, 561 (1) (164 SE2d 340).

But, on cross examination this witness testified that the contract price (as prepared from the estimate) was $103,939, the cost of which would be $84,767, leaving "a locked-in profit of . . . $19,173." Thereafter when the estimate was offered in evidence as an instrument prepared in the regular course of business as a normal and customary record in the construction industry to prepare such estimates of jobs it was allowed in evidence under the Business Records Rule over the objection that it had no probative value, was highly prejudicial, and contained hearsay. Any writing or record made as a memorandum or record of any act, transaction, occurrence, or event shall be admissible in evidence as proof of said act, transaction,

occurrence, or event if the trial judge shall find that it was made in the regular course of any business and that it was the regular course of such business to make such memorandum or record at the time of such act, transaction, occurrence, or event or within any reasonable time thereafter. Code Ann. § 38-711 (Ga. L. 1952, p. 177). Consequently, there was evidence before the court that such estimates are indeed business records of building contractors. However, in such cases as *Knudsen v. Duffee-Freeman, Inc.,* 95 Ga. App. 872, 877-880 (99 SE2d 370); *Yarbrough v. Cantex Mfg. Co.,* 97 Ga. App. 438, 441 (2) (103 SE2d 138); *Camp v. Camp,* 213 Ga. 65 (97 SE2d 125); and *Martin v. Baldwin,* 215 Ga. 293 (2), 297-300 (110 SE2d 344), opinions of medical experts (whose qualifications are not first proved) are not allowed as a part of business records.

The common knowledge of the writer is that in such estimates percentages for overbid, labor increases, other imponderables, and profit are indeed items which the estimators and contractors add to such estimates which involve expert opinion. Here, however, on direct examination when the president of the company was attempting to give such testimony, objection was made that if the document is admitted it will speak for itself and the objection was sustained preventing him from testifying as to the contents of the document. But, on cross examination counsel did place in evidence and make out for the plaintiff a prima facie case as to his "locked-in profit." Consequently, the instrument was not examined as to hearsay and expert opinion for the objection was made to the document as a whole. No objection was made to the document as to any expert opinion that it contained. Further, admission of improper evidence is harmless where the fact which ought to be shown is otherwise fully and properly established. See *Williams v. State,* 135 Ga. App. 919, 920 (1) (219 SE2d 632); *Burch v. State,* 141 Ga. App. 173 (2) (233 SE2d 31); *Davis v. State,* 91 Ga. 167 (1) (17 SE 292); *State Hwy. Dept. v. Godfrey,* 118 Ga. App. 560 (1), supra; *Shouse v. State,* 231 Ga. 716, 718 (5) (a) (203 SE2d 537).

The admission of the document was thus cumulative to the oral testimony showing the method of determining

the profit, and it obviates the necessity of any reversal as no harmful error has been shown. *Mabry v. Henley,* 123 Ga. App. 561 (1 c), 565-566, 568 (4) (181 SE2d 884); *Dill v. State,* 222 Ga. 793 (1), 794 (152 SE2d 741). Further, the person who entered any conclusions and opinions was an expert and was under examination and could have related the facts on which any conclusions and opinions were made in the document. See *Knudsen v. Duffee-Freeman, Inc.,* 95 Ga. App. 872, 880, supra; *Martin v. Baldwin,* 215 Ga. 293, 299, supra; *Meeks v. Lunsford,* 106 Ga. App. 154, 156-157 (126 SE2d 531). Also, the document is objected to as a whole, and the objection does not point out wherein the so-called hearsay is found. Where a portion of the evidence is admissible and a portion inadmissible, objection to the evidence as a whole which does not limit itself to objectionable parts is insufficient. See *Jones v. Blackburn,* 75 Ga. App. 791 (3) (44 SE2d 555); *Employers Liability Assur. Corp. v. Sheftall,* 97 Ga. App. 398 (3), 403 (103 SE2d 143) and cases cited therein. We find no merit in this complaint.

3. The evidence was sufficient to support the verdict as we cannot say the alleged profits here testified to could be said to be based upon conjecture, speculation, or guesswork. All that is required is that the plaintiff prove his damages with reasonable certainty. *Crankshaw v. Stanley Homes, Inc.,* 131 Ga. App. 840, 843 (207 SE2d 241); *Carter v. Greenville Service Co.,* 111 Ga. App. 651, 652 (1) (143 SE2d 1).

*Judgment affirmed. Banke and Underwood, JJ., concur.*

ARGUED OCTOBER 16, 1979 — DECIDED OCTOBER 31, 1979.

*William F. Lozier,* for appellant.
*Louis F. McDonald,* for appellee.