## 67582. KELLEY v. THE STATE.

DEEN, Presiding Judge.

Charleston Kelley, Jr., was convicted of four counts of violation of the Georgia Controlled Substances Act and appeals, contending that the trial court made eleven errors during the trial of his case.

1. In his first three enumerations of error, Kelley contends that the court erred in admitting tapes of conversations between himself and an undercover GBI agent because he was denied a meaningful opportunity for independent examination of the recorded conversations, in refusing his pre-trial motion to produce, and in admitting a transcript of the tapes.

The court did not deny appellant's motion for an independent examination of the tapes, as contended, but rather held he could have had his expert examine the tapes at some time during trial if he was available in court to do so. The court would not agree to have this evidence removed from the custody of the law enforcement officers involved in the case and permit the tapes to be sent to appellant's expert for analysis in his laboratory in New York State or permit the trial to be postponed for an indefinite period until the expert could fit the examination of the tapes into his busy schedule.

In *Patterson v. State,* 238 Ga. 204, 206 (232 SE2d 233) (1977), the court addressed the right of a criminal defendant to independent analysis of evidence and held: "The trial court in the exercise of its inherent power to conduct the proceedings before it, should impose appropriate safeguards to insure that the evidence is unchanged and preserved for evidentiary use at trial. This would generally require that the defendant's expert be allowed to examine the substance in the state laboratory under the control and supervision of the state rather than relinquishing custody and possession of the substance to him." See also *Carpenter v. State,* 167 Ga. App. 634 (307 SE2d 19) (1983); *Griffin v. State,* 148 Ga. App. 311, 312 (251 SE2d 161) (1978); *Tant v. State,* 148 Ga. App. 419, 421 (251 SE2d 349) (1978). The trial court certainly has the discretion to deny a motion for an indefinite continuance which is based on the desire to allow the defendant's expert to examine the evidence at his convenience. Motions for continuances address themselves to the sound discretion of the trial court. *Felts v. State,* 244 Ga. 503, 506 (260 SE2d 887) (1979). Under the circumstances of this case, we find no error.

Appellant's contention that he was denied access to the tapes in violation of OGCA § 17-7-210 (Code Ann. § 27-1302) is likewise without merit. A defendant is only entitled to statements made while in custody, and the tapes were not custodial statements. *Franklin v. State,* 166 Ga. App. 375 (304 SE2d 501) (1983); *Williams v. State,* 165

Ga. App. 69, 70 (299 SE2d 402) (1983). The transcript shows that defense counsel was given the opportunity during a weekend break in the proceedings to listen to the tapes before the state presented its evidence.

It was also not error for the court to permit the jurors to have transcripts of the tapes for reference during the playing of the tapes where a proper foundation has been laid. *Kelley v. State,* 168 Ga. App. 911 (311 SE2d 180) (1983); *Carpenter v. State,* supra; *Howell v. State,* 167 Ga. App. 294, 296 (306 SE2d 378) (1983).

2. Appellant's fourth and fifth enumerations contend that the state was required to obtain a search warrant before the undercover agent entered his home and taped the conversations, and that certain physical evidence was seized during the raid which was conducted without a search warrant.

The tapes were admissible and were not the fruit of an illegal search and seizure because they were only evidence of conversations "in which the undercover agent had the same right as any party to a conversation to repeat verbally or to repeat electronically." *Kelley v. State,* supra at 4; *O'Dillon v. State,* 245 Ga. 342, 343 (265 SE2d 18) (1980).

The transcript reveals that a search warrant was obtained before the house was searched. Contrary to appellant's contention there is no evidence that the search was conducted by anyone other than state and county law enforcement personnel. An Assistant United States Attorney was a mere observer of the search and did not participate in it.

3. Investigative notes and reports made by witnesses who are also law enforcement officers are not subject to discovery by a notice to produce at trial. *Natson v. State,* 242 Ga. 618, 623 (250 SE2d 420) (1978); *Stevens v. State,* 242 Ga. 34, 36 (247 SE2d 838) (1978).

4. "Where one or more jurors by chance see the defendant in handcuffs outside the courtroom, it is not error to deny a motion for a mistrial." *Gates v. State,* 244 Ga. 587, 593 (261 SE2d 349) (1979); *Morris v. State,* 228 Ga. 39, 40 (18) (184 SE2d 82) (1971).

5. The trial court's ruling that a motion for a mistrial was not timely made as to the testimony of Agent Slay, who testified that he saw appellant's father using cocaine at appellant's residence, was not error. The transcript shows that approximately 200 pages of testimony followed the agent's before counsel made the motion. Where such testimony is given without objection and the motion is not timely made, there is nothing for this court to review on appeal. *Bennett v. State,* 165 Ga. App. 600, 601 (302 SE2d 367) (1983).

6. As counsel raised no objection when the court informed the jury that he had denied defendant's motion for a directed verdict of

acquittal, there is nothing for this court to review on appeal. Statements which are alleged to be prejudicial in violation of OCGA § 17-8-55 (Code Ann. § 81-1104) are not reversible error in the absence of a motion for a mistrial or other objections. *Nelson v. State,* 136 Ga. App. 861, 862 (222 SE2d 677) (1975).

7. The State Crime Laboratory's analyst had to use her notes and lab reports to assist her in describing the results of scientific tests done on each item of evidence which pertained to the four-count indictment. Upon the appellant's objection, the court and counsel questioned her as to her recollection of performing the tests, and the court found she did have a general recollection that she conducted certain tests on the evidence in this case and that she remembered particular exhibits and specifically remembered doing the quantitative analysis. The court did not err in finding that her memory was refreshed by looking at her notes and reports within the meaning of OCGA § 24-9-69 (Code Ann. § 38-1707). A witness may testify from his memory refreshed by a writing that he made, though he has no independent memory of its contents. *Mabry v. Henley,* 123 Ga. App. 561, 566 (181 SE2d 884) (1971); *State Hwy. Dept. v. Godfrey,* 118 Ga. App. 560 (164 SE2d 340) (1968).

As appellant made no objection to the reception of this witness's testimony on the basis that a proper foundation had not been laid, he cannot complain of this issue in an appellate court. *Tyler v. State,* 147 Ga. App. 394, 395 (249 SE2d 109) (1978).

8. There was nothing in the presentation of the state's evidence from which the jury could draw an inference of entrapment and thus fall within the rule set forth in *Gregoroff v. State,* 248 Ga. 667 (285 SE2d 537) (1982) and demand a jury charge on this defense. See also *Kelley v. State,* supra.

*Judgment affirmed. McMurray, C. J., and Sognier, J., concur.*

DECIDED FEBRUARY 1, 1984 —
REHEARING DENIED FEBRUARY 22, 1984.

*W. Bruce Maloy,* for appellant.

*Sam B. Sibley, Jr., District Attorney, Charles R. Sheppard, Assistant District Attorney,* for appellee.